Alldredge v. Alldredge, 20 N. M. 472.

---

[No. 1763, Sept. 7, 1915.]

ALLDREDGE v. ALLDREDGE et al.

SYLLABUS BY THE COURT.

1.    Notations made by the trial judge in the judge's docket are no part of the record of a cause.

P. 478

2.    The same rules applicable to the construction of contracts generally govern the courts in their interpretation of stipulations, and stipulations should be given a reasonable construction, with a view to effect the intent of the parties,

and in seeking the intention of the parties the language should not be so construed as to give it the effect of an admission of a fact obviously intended to be controverted, or the waiver of a right not plainly intended to be relinquished.

P. 479

3. Where a husband and wife had separated, and the wife had been induced to convey certain real estate to her husband, and to sign a separation agreement, which she subsequently sued to have rescinded, and to be restored to her former rights in the real estate conveyed, and thereafter a reconciliation was effected, and a stipulation and agreement signed, which definitely fixed the rights of the parties in the community property, and provided for a judgment canceling the separation agreement, the parties agreeing to resume marital relations, and it was provided that judgment might be entered pursuant to the stipulation, carrying out its terms and provisions, without notice to either of the parties, and the stipulation further provided that the husband should pay the "attorney's fees which have already accrued and are herein involved," the trial court had no right to proceed in a summary manner to fix the amount which should be allowed as attorney's fees, as it was not the intention of the parties to waive the right to be heard upon the question, upon issue framed, as to the amount of such fees, and the value of the services rendered, and to have such question determined by a jury. P. 481

Appeal from District Court, Colfax County; E. C. Abbott, Judge.

Action by Mayme E. Alldredge against Robert E. Alldredge and others. Judgment for plaintiffs, and defendants appeal. Reversed, with directions.

HUGO SEABERG of Raton and W. R. HOLLY of Springer, for appellant.

Appellant was entitled to a jury trial to determine the amount of money to be awarded as attorneys' fees, if there was a contract on the subject, which we deny.

Sec. 12, art. 2, Constitution of N. M.; 7th Amend. U. S. Const.; Act April 7, 1874, c. 18, 27 Stat. L. U. S.; sub sec. 110, sec. 2685, C. L. 1897; Baca v. Anaya, 84 Pac. (N. M.) 1017; Guiterrez v. Pino, 1 N. M. 392; Walker v. N. M. & S. P. R. Co., 41 L. Ed. (U. S.) 837; Springerville City v. Thomas, 41 L. Ed. 1172; American Pub. Co. v. Fisher, 41 L. Ed. 1079; Thompson v. Utah, 42 L. Ed. 1061; Scott v. Nealy, 35 L. Ed. 358; Davidson, etc., Improvement Co. v. Parlin, etc., Co., 141 Fed. 40; Hudson v. Wood, 119 Fed. 771; Fenn v. Holme, 16 L. Ed. 198; Wilson v. Township of York, 21 S. E. 82; McCoy v. Cook, 42 Pac. (Wash.) 546; Hughes v. Dunlap, 27 Pac. (Cal.) 642; Bradley v. Aldrich, 40 N. Y. 504, 100 Am. Dec. 528; Pilkington v. Brooklyn Heights R. R. Co., 63 N. Y. S. 211; Leach v. Baer, 123 N. W. (S. D.) 719; Sommer v. N. Y. Elev. Ry. Co., 14 N. Y. S. 619; Van Deventer v. Van Deventer, 53 N. Y. S. 236; Lee v. Conran, 111 S. W. (Mo.) 1151; Newson v. Hamilton, 133 S. W. (Ky.) 952.

There is no lien in this state for attorneys' fees.
Field v. McMillan, 12 N. M. 36, 73 Pac. 617.

The attorneys were not parties to the suit and could not control it and compel client to carry on litigation.
Platt v. Jerome, 15 L. Ed. 623; Farry v. Davidson, 24 Pac. (Kan.) 419; Pilkington v. Brooklyn H. R. R. Co., 63 N. Y. S. 211; Schriever v. Brooklyn H. R. R. Co., 63 N. Y. S. 217; Swanston v. Morning Star M. Co., 13 Fed. 215; McRea v. Warehime, 94 Pac. 924; Hillman v. Hillman, 85 Pac. 61; Pomeranz v. Marcus, 82 N. Y. S. 707; Cameron v. Boeger, 65 N. E. 690; American Lead Pencil Co. v. Davis, 67 S. W. 864; Williams v. Miles, 89 N. W. 455; In Re Elliott, 77 Pac. 1109; Boyd v. Lee, 15 S. E. 332.

A stipulation is not construed as a waiver of a right not plainly intended to be relinquished.
40 Cyc. 261; Lau v. Grimes Drug Co., 56 N. W. 954; Kansas City v. Forsee, 153 S. W. 572; Haitt v. Auld, 11 Kan. 176.

Alldredge v. Alldredge, 20 N. M. 472.

The contract between plaintiff and defendant was not actionable on the part of the attorneys.

Morgan v. Randolph-Clowes Co., 47 Atl. 68; Exchange Bank v. Rice, 107 Mass. 37; 27 A. & E. Ann. Cas. 313, for full discussion.

M. W. SPAULDING of Denver, Colo., and ELMER E. STUDLEY and J. LEAHY of Raton, for appellees.

The court had equitable jurisdiction of the parties in the first instance and that jurisdiction continued.

Hoge v. Fidelity Loan & Key Co., 48 S. E. 494; 1 Pomeroy's Eq. Jur. (3d Ed.), sec. 2; Keith v. Henkleman, 50 N. E. 692.

The making of the stipulation could not take from the trial court its equity powers or curtail its duties in that proceeding.

Pomeroy's Eq. Jur., secs. 251, 251½; Hale v. Allison, 47 L. Ed. 380.

Appellant was not entitled to a jury trial.

Pomeroy's Eq. Jur., secs. 232, 242, 303; secs. 108-111, N. M. Code.

Trial court could not change stipulation and had to enforce it.

Keys v. Warner, 45 Cal. 60; Bingham v. Winona Co. Sup., 6 Minn. 136.

No final decree could have been rendered without determining, allowing and adjudicating the attorneys' fees.

Pomeroy's Eq. Jur., secs. 436-445; Freeman on Judgs. (4th Ed.), sec. 20; Enc. P. & &., vol. 12, 162-164.

'Appellant had no right to jury trial, whether stipulation was entered into or not.

Forrester v. Boston & M. Con., etc., Co., 74 Pac. 1089; 11 Enc. P. & P., 876.

Failure of appellant to object to sufficiency of evidence in trial court operates as an estoppel in this court.

11 Enc. P. & P., 94; Fox v. Hale, 108 Cal. 369; Williams v. Dockwiler, 145 Pac. (N. M.) 475.

Stipulation being in nature of agreed judgment, no appeal lies.

Walworth Bank v. Farmers Loan & T. Co., 22 Wis. 222.

### OPINION OF THE COURT.

ROBERTS, C. J.—This action was originally instituted in the district court of Colfax county by Mayme E. Alldredge against Robert E. Alldredge, her husband, and Josephine Alldredge and Charles T. Wade, to obtain cancellation of certain warranty deeds, and for the reconveyance of the property described in such deeds, and for cancellation of a contract of separation between plaintiff and defendant, and for general relief, with costs, etc. Defendants Helen Josephine Alldredge and Charles T. Wade were not served with process and did not appear in court. Defendant Robert E. Alldredge was served with process but before any action was taken in the case a reconciliation was effected between plaintiff and said Robert E. Alldredge, and the following stipulation and agreement was entered into between them, viz.:

"It is hereby stipulated and agreed by and between Mayme E. Alldredge, plaintiff herein, and Robert E. Alldredge, one of the defendants herein, in the above styled and numbered cause now pending in the above named court, as follows, to-wit: That whereas, a reconciliation has been had between the said Mayme E. Alldredge and the said Robert E. Alldredge, husband and wife, relative to the matters and things involved in this suit, it is therefore mutually understood and agreed by them that the pretended agreement of separation heretofore made and entered into between them on the 6th day of April, A. D. 1914, be and the same is hereby annulled, abrogated, and declared null and void, and of no ef-

fect whatsoever, and that the said Robert E. All-
dredge hereby guarantees and promises that the
said Mayme E. Alldredge shall be and she here-
by is restored to all her former rights, interests,
claims, and estate in their property, including
community property and other property, as the
same was and existed immediately preceding the
signing and execution of the pretended contract
of separation on the 6th day of April, A. D. 1914,
or in the proceeds thereof. It is further stipu-
lated and agreed by the said parties hereto,
Mayme E. Alldredge and Robert E. Alldredge,
husband and wife, that upon the presentation of
this stipulation to the court that the court may
thereupon make and enter an order and decree
fully carrying out and confirming the particu-
lars of this stipulation and agreement, and that
such order and decree may be so made and en-
tered at any time hereafter, and without further
notice to either party hereto, and that the cause
may thereupon be dismissed at the cost of the
said Robert E. Alldredge, and that he will pay
the attorney's fees which have already accrued
and are herein involved."

This stipulation was prepared by plaintiff's attorney,
and was signed and executed by the parties; defendant
Alldredge not being represented by counsel. The stipula-
tion and agreement was signed on the 23d day of April,
1914. On the 4th day of May, 1914, Elmer E. Studley
and M. W. Spaulding, attorneys for the plaintiff, filed a
motion in the original cause then pending in the district
court, which motion was as follows:

"Come now Elmer E. Studley, Esq., and M.
W. Spaulding, Esq., the attorneys for the plain-
tiff in the above entitled cause, and move the
court to determine and fix the attorney's fees in
accordance with the stipulation heretofore filed
herein by the plaintiff, Mayme E. Alldredge, and
the defendant, Robert E. Alldredge."

On the same day said attorneys served a notice upon defendant Robert E. Alldredge, notifying him that on the 6th day of May they would ask the court to fix the amount of attorney's fees, in accordance with the terms of the stipulation. On said 6th day of May defendant Alldredge appeared in court, and objected to the jurisdiction of the court, and moved to strike out the motion filed by said attorneys, on various grounds. He also objected to the determination of the amount of attorney's fees in the present action, and claimed the right to a trial by jury. The court overruled the motion, and proceeded to hear the evidence adduced by the said attorneys for plaintiff as to the value of their services, and entered judgment for plaintiff against defendant in the sum of $1,000. Defendant Robert E. Alldredge did not participate in the trial of the cause, taking no further part in the proceedings after his said motion had been overruled. From the judgment so entered this appeal is prosecuted.

[1] Before considering the cause on its merits, it is necessary to dispose of a motion filed by Messrs. Studley and Spaulding, asking that they be considered the appellees herein, and praying for a dismissal of the cause, because the transcript of record was not filed in this court within 130 days from the time the appeal was taken, and no order extending the time within which to perfect said appeal was signed by the trial judge within the time allowed by law. The motion is based upon the assumption that the appeal was taken on the 2d day of May, 1914; whereas, the records shows that it was taken on the 2d day of July, 1914. It is conceded by appellees that, if the appeal was in fact taken on the later date, the motion, in this regard, is not well taken. To support their contention that the appeal was taken on the first named date, appellees have sought to have incorporated into the record the docket entries in the case, which they claim show that the trial judge allowed the appeal on the 28th day of May and fixed the amount of the supersedeas bond at $2,-000. Assuming that the judge's docket so shows, it cannot benefit appellees, as the minutes made by a judge in

his docket are no part of the record of a cause. These minutes are only made by the trial judge for the purpose of aiding his recollection, and to enable the clerk to properly prepare the permanent record. If the minutes of the trial judge showed the facts contended for, appellees should have had the record corrected by a nunc pro tunc entry. As the record proper shows the appeal was taken on the 2d day of July, 1914, the transcript was filed in this court within the time required by law, and the motion to dismiss must be overruled.

While other grounds to dismiss are set forth in the motion, they are all equally without merit, and require no discussion. The motion to dismiss not being well taken, we are required to consider the alleged errors urged by appellant upon which he relies for a reversal of the cause. The principal and controlling ground upon which a reversal is asked is that the court placed an erroneous construction upon the language of the stipulation and agreement. In other words, appellant contends that the agreement and stipulation, which he signed, was never intended to confer upon the court the power, in this cause, to proceed to fix the amount which should be awarded the attorneys for his wife as fees, without notice to him, and that he did not intend to, and did not, waive his right to a trial by a jury upon the issues properly framed.

[2] The same rules applicable to the construction of contracts generally govern the courts in their interpretation of stipulations, and stipulations should be given a reasonable construction, with a view to effect the intent of the parties; and in seeking the intention of the parties the language should not be so construed as to give it the effect of an admission of a fact obviously intended to be controverted, or the waiver of a right not plainly intended to be relinquished. 36 Cyc. 1291, 1292. In construing contracts, where the language used is ambiguous, and susceptible of more than one construction, the court should attempt to place itself as near as possible in the situation of the parties to the contract at the time the agreement was entered into, so that it may view the circumstances as

viewed by the parties and thus be enabled to understand the language used in the sense with which the parties used it. Elliott on Contracts, § 1517. The same author, at section 1521, further says:

> "In addition, the contract is to be given a reasonable construction. It will not be construed so as to render it oppressive or inequitable as to either party, or so as to place one of the parties at the mercy of the other, unless it is clear that such was their manifest intention at the time the agreement was made."

First, let us consider the situation of the parties at the time the stipulation was signed. Mrs. Alldredge had separated from her husband, after which the parties entered into a separation agreement. She had, pursuant to such separation agreement, conveyed to her husband, or to other parties at his request, certain, if not all, the real estate theretofore held in her name. Thereafter she became dissatisfied with the terms of such agreement, and instituted this action to set aside the deeds which she had executed and to cancel the separation agreement. The attorneys interested in the recovery herein had filed the complaint for her and were representing her in the action. After the complaint was filed and summons was served on her husband, the parties became reconciled, and desired to compose their differences and resume the marital relations and secure a restoration of their former property rights in the community property. In order to bring about this result they met at the law office of one of Mrs. Alldredge's attorneys, made known their wishes in the matter, and he proceeded to prepare a stipulation and agreement to carry out and effectuate their desires. After providing for the abrogation of the separation agreement, and the restoration of the wife to her former rights in the community property, it was provided:

> "That upon presentation of this stipulation to the court that the court may thereupon make and enter an order and decree fully carrying out and confirming the particulars of this stipulation and

agreement, and such order and decree may be so
made and entered at any time hereafter and
without further notice to either party hereto."

[3] It will be noticed that the stipulation provided
for the entry of judgment at any time and without notice
to either party. The language of the stipulation, which
preceded the above-quoted excerpt, was clear and explicit,
and left nothing for determination by the court, and
clearly no injury could be done either party by entering
judgment pursuant to the terms of the stipulation. The
above excerpt was continued as follows:

"And that the cause may thereupon be dis-
missed at the cost of the said Robert E. All-
dredge, *and that he will pay the attorney's fees
which have already accrued and are herein in-
volved.*"

Is it reasonable to presume that the parties to the stipu-
lation intended to contract away the right to litigate with
the attorneys the question as to the amount which they
should recover as attorney's fees, in case they were unable
to agree upon the same, and to confer upon the court the
power to fix the allowance, without notice to them or any
opportunity to be heard? We think not. The wife, who
was resuming her former marital relations with her hus-
band, and becoming reinvested with her rights in the
community property, certainly would not desire to mulct
her husband with unreasonable or unjust attorney's fees,
or take away from him the right to controvert the amount
which he should be required to pay, in case of failure to
arrive at an amicable understanding. The reasonable in-
terpretation of the language, in view of the surrounding
circumstances, is that the parties intended that the hus-
band should pay to the wife's attorneys such amount as
attorney's fees as the parties should agree upon, or such
amount as should be awarded the attorneys upon a judi-
cial determination in the ordinary course of law. In
other words, appellant plainly did not intend to waive his
right to a jury trial, in case the attorney should elect to
proceed against him; nor did his wife, who was primarily
liable, intend to waive her right to a regular determina-

tion of the amount, upon issue framed, in the ordinary manner in such cases. Such being the case, the court should have sustained appellant's motion to strike from the files the motion filed by the attorneys for plaintiff, asking the court to fix the amount of their fees.

The cause will be reversed, with directions to the lower court to vacate that portion of its judgment fixing the amount payable to plaintiff's attorneys, and to sustain appellant's motion to strike from the files the motion filed by plaintiff's attorneys to fix the amount of their fees; and it is so ordered.

PARKER and HANNA, J.J., concur.

[No. 1764, July 10, 1915.]
[Rehearing Denied Sept. 7, 1915.]
CADWELL et al. v. HIGGINBOTHAM et al.