377 P.2d 953

Flora Ann Beaty GRIEGO and William W. Beaty, Jr., Plaintiffs-Appellants,

v.

Annie Beaty HOGAN, a/k/a Mrs. Annie Beaty; Texaco, Inc., a corporation; and Phillips Petroleum, a corporation, Defendants-Appellees.

No. 6944.

Supreme Court of New Mexico.

Jan. 17, 1963.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellants.

Mears, Mears & Boone, Portales, for appellee Annie B. Hogan.

CHAVEZ, Justice.

Appellants, brother and sister, appeal from a judgment dismissing their complaint to quiet title to certain mineral rights and for an accounting from two oil companies, lessees of the rights. The oil companies are not concerned in this appeal as all parties stipulated that the leases would be honored, appellants reserving their right to an accounting if their claim of title pre-

vailed. The matter was heard by the trial court without a jury. At the close of appellants' case the court dismissed the complaint, specifically finding no fraud or concealment.

Appellants' father, W. W. Beaty, husband of appellee, died intestate on April 22, 1945, a resident of San Angelo, Texas, owning as his separate property an undivided one-half interest in the minerals under land in Roosevelt County, New Mexico. At the time of his death, W. W. Beaty also owned certain property in Texas in community with Annie Beaty Hogan, his wife, hereinafter referred to as Mrs. Hogan, the defendant-appellee.

The trial court found that Mrs. Hogan, the stepmother of plaintiffs-appellants, William W. Beaty, Jr., hereinafter referred to as William Beaty, Jr., and Flora Ann Beaty Griego, hereinafter referred to as Flora Griego, was the owner of the mineral interest in question, deriving her title in the following manner: One-fourth of the one-half interest by inheritance from W. W. Beaty; three-eighths of the one-half interest by purchase from Flora Griego; three-eighths of the one-half interest by purchase from William Beaty, Jr.

After Flora Griego and William Beaty, Jr., had been born of the marriage of W. W. Beaty and Nannie Beaty, Nannie Beaty died. W. W. Beaty subsequently married Mrs. Hogan. William Beaty, Jr., was raised by W. W. Beaty and Mrs. Hogan, knowing no other mother than her. William Beaty, Jr., entered the Civilian Conservation Corps in 1935, married in 1940, and entered the Maritime Service in 1943. Flora Griego left the family home prior to her father's remarriage, had an early marriage, and never lived with Mrs. Hogan. Flora Griego was forty years of age and William Beaty, Jr., was thirty-one years of age when W. W. Beaty died.

After W. W. Beaty died, the family assembled in San Angelo, Texas. Flora Griego and Mrs. Hogan had retained separate attorneys. William Beaty, Jr., did not employ legal counsel. After negotiations, Flora Griego and William Beaty, Jr. executed separate deeds dated May 10 and May 16, 1945, in favor of Mrs. Hogan for considerations of $1500 each. The warranty deed from William Beaty, Jr., described the Texas property by lot and block number, the name and location of the addition, and the county of its situs. This was followed by:

"Third—All my portion of and right, title and interest in any and all property, real, personal or mixed, of whatsoever kind and wheresoever situated, inherited by me from the estate of my mother, Nannie Beaty, deceased, or from the estate of my father, W. W. Beaty, deceased."

In addition to the warranty deed from Flora Griego to Mrs. Hogan, which de-

scribed the Texas property by lot and block number, the name and location of the addition, and the county of its situs, Flora Griego and Mrs. Hogan entered into an agreement which included:

"THEREFORE, in consideration of the premises, and the sum of $1,500.00, cash in hand paid by Grantee [Mrs. Hogan] to Grantor [Flora Griego], Grantor has, and does hereby, grant, sell, convey and release unto the said Mrs. Annie Beaty, grantee, all her rights, claims, title, interest and equities, of every kind and character, which she might now or heretofore have had in or to any and all estate of the said W. W. Beaty, deceased and the said Nannie Beaty, deceased, including real, personal and mixed property and choses in action; it being the intention and understanding of the parties hereto that Grantor convey and release unto Grantee all her rights, title and claims of interest of every kind and character which has accrued to her by reason of the death of her Mother, Nannie Beaty, and by reason of the death of her Father, W. W. Beaty."

Appellants submit two points upon which they rely for reversal:

"I. The evidence conclusively establishes that the conveyances by Flora and Bill to Mrs. Hogan were invalid.

"A. The relationship between Flora, Bill and Mrs. Hogan was that of parent and child.

"B. As between parent and child the attempted transfer of the inheritance by Flora and Bill (the children) to Mrs. Hogan (the parent) was constructively fraudulent and accordingly voidable by the children.

"C. The substantial evidence establishes constructive fraud.

"II. The alleged conveyances from Bill and Flora to Mrs. Hogan were defective due to the lack of a legal description of the New Mexico property."

In essence, appellants' first point is that because of the existence of a relationship of parent and child between themselves and appellee, any conveyance by them of their interests in the mineral rights in New Mexico to appellee was constructively fraudulent and accordingly voidable by them. They base this assertion on a stipulation entered into during the trial. The stipulation was made as follows:

"MR. McATEE: I want to make one further stipulation that the relationship between Mrs. Beaty Hogan and Mrs. Griego and Mr. W. W. Beaty, Jr. was that of loco parentis was a stepmother.

"MR. BOONE: Yes."

284

■■ This court, in the case of In re Quantius' Will, 58 N.M. 807, 277 P.2d 306, established the rule pertaining to stipulations. We said:

" * * * 'As a general rule, stipulations should receive a fair and liberal construction, in harmony with the apparent intention of the parties and the spirit of justice, and in the furtherance of fair trials upon the merits, rather than a narrow and technical one calculated to defeat the purposes of their execution. The terms of a stipulation should not, however, be so construed as to extend beyond that which a fair construction justifies. * * * A stipulation must be construed in the light of the circumstances surrounding the parties and in view of the result which they were attempting to accomplish. In seeking the intent of the parties the language used will not be so construed as to give it the effect of an admission of fact obviously intended to be controverted, or the waiver of a right not plainly intended to be relinquished.' " (50 Am.Jur., Stipulations, § 8, p. 609).

■ The language of the instant stipulation is ambiguous when viewed in the light of the surrounding circumstances. If the parties intended to agree that appellee is the stepmother of appellants, the stipulation may be accepted at its full face value as it is apparent that appellee became the legal stepmother of both of them when she married their father. However, if they were attempting to stipulate that the relation of loco parentis existed, this is a different matter. Appellee strenuously denied such a status during the course of the trial, and the trial court found:

"IV. That the evidence adduced by all parties contradicted the stipulation of confidential relationship between the plaintiff Flora Ann Beaty Griego, and the defendant Annie Beaty Hogan, and the Court finds that at all times material hereto these parties dealt with each other at arms length."

From the evidence adduced by all parties at the trial it appears that appellee did stand in loco parentis to W. W. Beaty, Jr., when he was a youth but did not so stand with relation to Mrs. Griego at any time.

As for the existence of the relationship at the time of the execution of the conveyances, by the very definition of loco parentis, it could not have existed with respect to either appellant at that time. Loco parentis exists when a person undertakes the care and control of another in the absence of such supervision by the latter's natural parents and in the absence of formal legal approval. It is temporary in character and is not to be likened to adoption which is permanent. In re McCardle's Estate, 95 Colo. 250, 35 P.2d 850.

■ Appellant contends for the rule that where a confidential relation exists, courts of equity in examining such transactions "will carefully search for suspicious circumstances having a tendency to show unfairness or undue influence. * * *" 39 Am.Jur., Parent and Child, § 101, p. 748. Appellant says that Shultz v. Ramey, 64 N.M. 366, 328 P.2d 937, follows this rule. Even if we accept this as the rule and giving the stipulation the weight that it merits, we are of the opinion that the evidence is substantial to support the trial court's finding:

"VIII. That there was no fraud, duress, or over-reaching of any kind whatever on the part of defendant Hogan in acquiring the interests of both plaintiffs in and to the property involved in this case, as alleged in plaintiffs' complaint as amended in open Court."

From the foregoing, it is obvious that the conveyances are not voidable by appellants on the basis of constructive fraud by appellee.

We next turn to the alleged defective descriptions in the conveying instruments.

■ The deed from W. W. Beaty, Jr., states that certain lands are conveyed thereby. The description contained therein is as follows:

"All the following described real estate and premises and improvements thereon, lying and being situated in said Tom Green County, Texas, namely: All my portion of and interest in:

"First:—Being all of lots numbers fifteen, sixteen, and seventeen, in block number fifty-four, in the Miles Addition to the City of San Angelo, in said Tom Green County, Texas, according to the map or plat of said addition now on file in the office of the county clerk of said Tom Green County; and

"Second:—All of lots numbers thirteen and fourteen, in block number thirty-seven, in said Miles Addition to said City of San Angelo, in Tom Green County, Texas, according to the above mentioned map or plat.

"Third:—All my portion of and right, title and interest in any and all property, real, personal or mixed, of whatsoever kind and wheresoever situated, inherited by me from the estate of my mother, Nannie Beaty, deceased, or from the estate of my father, W. W. Beaty, deceased."

Appellants question whether the description in the third enumerated portion of the granting clause is sufficiently definite to convey any interest and, if it is so construed, whether it describes property other than that comprising parts of the estates of the named decedents in Tom Green County,

Texas. In Blake v. Doherty, 18 U.S. (5 Wheat.) 165 [359], 5 L.Ed. 109, the court stated:

"* * * It is, undoubtedly, essential to the validity of a grant, that there should be a thing granted, which must be so described as to be capable of being distinguished from other things of the same kind. But it is not necessary, that the grant itself should contain such a description as, without the aid of extrinsic testimony, to ascertain precisely what is conveyed. * * *"

Several state courts are of the same opinion. Pettigrew v. Dobbelaar, 63 Cal. 396; Holley's Ex'r v. Curry, 58 W.Va. 70, 51 S.E. 135, 112 Am.St.Rep. 944. In Huron Land Co. v. Robarge, 128 Mich. 686, 87 N.W. 1032, the court held:

"* * * The deed from these heirs described the property as 'all the right, title, and interest in and to the estate, property, and effects of the late Lorenzo M. Mason, * * * be the said estate real, personal, or mixed,' etc. This description was sufficient. * * *"

See also Hughes v. Meem, 70 N.M. 122, 371 P.2d 235.

As to whether the description covered the New Mexico minerals in controversy or whether it was restricted to land in Tom Green County, Texas, must be determined by the objective intent of the parties. The first and second enumerated portions of the granting clause of the deed, along with the initial portion thereof, are all included in one sentence. The third enumerated portion is not in that sentence. This third portion is not a complete sentence as such, and for it to be effective as a conveyance, it must be related to the previous sentence. The question is, is it modified, therefore, by the words "Tom Green County, Texas?" It is our considered opinion that it is not as it expressly locates the property thereby conveyed as being "* * * wheresoever situated * * *." This phrase is all encompassing and certainly is not limited to any particular locale.

As for Mrs. Griego's interest in the minerals in New Mexico, she effectively conveyed whatever share she might have had by the agreement of May 10, 1945. The language employed therein is unambiguous with the exception of the description of the property conveyed. She granted:

"* * * all her rights, claims, title, interest and equities of every kind and character, which she might now or heretofore have had in or to any and all estate of the said W. W. Beaty, deceased, and the said Nannie Beaty, deceased, including real, personal and mixed property and choses in action; it being the intention and understanding of the parties hereto that Grantor convey and release unto Grantee all

her rights, title and claims of interest of every kind and character which has accrued to her by reason of the death of her Mother, Nannie Beaty, and by reason of the death of her Father, W. W. Beaty."

Appellants contend that this description is not sufficiently definite to effect a conveyance of realty. In accordance with the reasoning employed when referring to the deed of W. W. Beaty, Jr., above, we hold this contention is without merit.

◼ The trial court made no findings regarding the intent of the grantors to convey their respective interests in the minerals in New Mexico. It did find:

"VI. That defendant Hogan, for a valuable consideration, acquired plaintiff Flora Ann Beaty Griego's interest in and to said property by conveyance legally executed on May 10, 1945.

"VII. That defendant Hogan, for a valuable consideration, acquired all of plaintiff William W. Beaty Jr.'s interest in and to said property by conveyance legally executed on May 16, 1945."

It is not necessary for a trial court to find evidentiary facts but only to find those basic and controlling facts which are necessary to be found in order to intelligently apply the law to them and render judgment.

Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95.

◼ Plaintiff's requested finding of fact number 14 declared that W. W. Beaty, Jr., did not intend that his deed should convey any property outside the state of Texas. The trial court refused to so find. Even if this resulted in the court's failure to make a material finding of fact, it is the rule that such an omission must be regarded as a finding against the party having the burden of establishing such fact. Farrar v. Hood, 56 N.M. 724, 249 P.2d 759. In Greenfield v. Bruskas, 41 N.M. 346, 68 P.2d 921, this court held:

"The findings must sustain the judgment of course, but they are to receive such construction as will uphold rather than defeat the judgment; and if from the facts found the other necessary facts to support the judgment may be reasonably inferred, it will not be disturbed by us. * * *"

There can be no question of the intent of Mrs. Griego to convey any and all of her rights to the New Mexico minerals as she expressly stated in the agreement that she intended to convey her entire share in the named estates. She made no reservation or exception.

Since we have disposed of appellants' contentions by the foregoing, it is unneces-

sary to discuss appellee's point regarding the statute of limitations.

It follows from what has been said that the judgment of the trial court is correct and should be affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and NOBLE, J., not participating.