409 P.2d 804

**Enedina Lucero PEREZ, Plaintiff-Appellee,**

**v.**

**Eddie PEREZ, Jr., Defendant-Appellant.**

**No. 7666.**

Supreme Court of New Mexico.

Jan. 10, 1966.

J. Benson Newell, Las Cruces, for appellant.

T. K. Campbell, Las Cruces, for appellee.

CHAVEZ, Justice.

This appeal arises from the trial court's disposition of a divorce action filed by appellee Enedina Lucero Perez. The complaint was filed May 16, 1963, and defendant Eddie Perez, Jr. signed an acknowledgment and waiver on the same date. The complaint stated that no children were born to the parties during the marriage, sought only an absolute divorce, asked for defendant's payment of attorney's fees, and restoration of appellee's maiden name. On June 5, 1963, the final decree of the court was entered, granting the divorce, finding in accordance with the allegations of the complaint, and ordered defendant to pay one-half of plaintiff's attorney's fees and one-half of the costs of suit.

On November 15, 1963, the trial court granted a motion for order to show cause filed by plaintiff-appellee, directing defendant-appellant to appear and show cause why the final decree of divorce should not be modified to require appellant to pay the necessary expenses of the birth of his child, and for the support and maintenance of said child. The motion recited: (1) That in appellee's original complaint she failed to allege that she was then pregnant, whereas in fact she was pregnant; (2) that appellee gave birth to a daughter on October 20, 1963; (3) that although the final decree entered June 5, 1963, recited the parties' separation one month after their marriage, they continued to have sexual intercourse until shortly before the complaint herein was filed; (4) that although appellant admitted the child to be

his, he had failed to pay the necessary expenses of the birth and to contribute to the support and maintenance of said child.

On November 27, 1963, pursuant to § 21–1–1(59) (e), N.M.S.A., 1953 Comp., appellant moved to strike the order to show cause. The trial court, on December 6, 1963, overruled the motion to strike and ordered appellant to contribute to appellee $25 per month for the support of the child, and $25 per month toward hospital and doctors' expenses incidental to the birth of the child. . .

Also, on December 6, 1963, appellant filed an answer to the order to show cause alleging: (1) That the final decree shows the parties were married on November 29, 1959, separated one month later, and did not live together after the separation; (2) that appellee failed to advise her attorney that she was pregnant when the complaint was filed; (3) that the child was born October 20, 1963, and conception would have had to have occurred in January or February, 1963, assuming appellee carried the baby nine months; (4) that appellant denies intercourse with appellee during this period and that, therefore, he could not be the father of the child; and (5) that appellant, upon information and belief, stated that appellee was in California when conception occurred.

On January 10, 1964, the trial court found appellant in contempt of court for failing to pay the December 6, 1963, contribution to appellee, and allowed appellant until January 10, 1964, to make the December contribution, or serve 10 days in jail. The court expressly modified the final decree entered June 5, 1963, and found: (1) That appellee committed perjury when she signed the divorce complaint, and in her testimony in court; (2) that appellant is the father of the minor child in question; and (3) that appellant is well able to contribute the $50 a month so decreed.

On January 22, 1964, appellant filed notice of appeal.

Appellant's primary contention is the same as he made in the trial court in his motion to strike the order to show cause, i. e., that § 21–1–1(59) (e), supra, should have been applied to the motion to strike instead of § 21–1–1(60) (b), N.M.S.A., 1953 Comp.

Both our Rules 59(e) and 60(b) are taken from their corresponding counterparts in the Federal Rules of Civil Procedure. Rule 59(e) states:

"A motion to alter or amend the judgment shall be served not later than [ten] 10 days after entry of the judgment."

Rule 60(b) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a

final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one [1] year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the proceeding for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

The Notes of Advisory Committee on Rules, 28 U.S.C.A., Rule 59, p. 15, state:

"Subdivision (e). This subdivision has been added to care for a situation such as that arising in Boaz v. Mutual Life Ins. Co. of New York, C.C.A.8, 1944, 146 F.2d 321, and makes clear that the district court possesses the power asserted in that case to alter or amend a judgment after its entry. The subdivision deals only with alteration or amendment of the original judgment in a case and does not relate to a judgment upon motion as provided in rule 50(b). * * *"

In the Boaz case the court, at the close of plaintiff's evidence, dismissed her suit without prejudice and excused the jury. Two days later the court set aside the first order and entered an order of dismissal with prejudice. On appeal, plaintiff argued that under Rule 50(b), when a motion for directed verdict is made at the close of all the evidence, the power is reserved to the court to reconsider and change its ruling after the jury has been discharged, but no such reservation is expressed in the rules where defendant moves to direct a verdict under Rule 50(a), or moves to dismiss under Rule 41(b), or

where plaintiff moves to dismiss under Rule 41(a). It was argued that, from the absence of express authority to correct its errors in proceedings under these rules, the courts are without such power. The contentions were not sustained. The court explained that prior to Rule 50(b), in cases where the trial court was required to rule on a motion for directed verdict immediately before submission of the case to the jury, it had been held that the court could not enter a judgment on the motion after the verdict came in, although persuaded that its ruling on the motion was erroneous. Rule 50(b) was mainly to avoid the necessity of a new trial under those circumstances. There was no such occasion to reserve the authority to correct errors in proceedings under Rules 50(a), 41(a), or 41(b).

■ One of the purposes of the bill of review in equity was to afford relief on the ground of newly discovered evidence long after the entry of judgment. Similar review was allowed under Rule 59(b) before its amendment in 1946, because it provided that a motion for a new trial shall be served not later than ten days after the entry of the judgment, except that a motion for a new trial. on the ground of newly discovered evidence could be made after the expiration of such period and before the expiration of the time for appeal, with leave of court obtained on notice and hearing and on a showing of due diligence.

When the time for appeal was reduced to 30 days, the utility of that provision was seriously restricted. Therefore, the "except" clause of Rule 59(b) was eliminated. Then Rule 60(b) was amended to permit an application for relief on the ground of newly discovered evidence, within one year after judgment, to permit relief similar to that extended under the bill of review. It is also noteworthy that motions under Rule 60(b) do not affect the finality of a judgment, but a motion under Rule 59, made within 10 days, does affect finality and the running of the time for appeal. 28 U.S. C.A., Rule 60, p. 123; 6 Moore's Federal Practice, 2d Ed., pp. 3705–3706.

In Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, amended 336 U.S. 942, 69 S.Ct. 398, 93 L.Ed. 1099, Mr. Justice Black, in regard to Rule 60(b) (6), stated:

"* * * In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."

■■ It is well settled that the granting of a motion to set aside a judgment under Rule 60(b)(6) is a matter addressed to the sound discretion of the trial judge, whose ruling will not be reversed except for abuse of discretion on his part. Doug-

lass v. Pugh, (6 CCA 1961), 287 F.2d 500. Rule 60(b) (6) provides a reservoir of equitable power to do justice in a given case, but it is limited to instances where there is a showing of exceptional circumstances. Battersby v. Bell Aircraft Corporation, 65 N.M. 114, 332 P.2d 1028.

■ We have previously noted that when appellee filed the complaint in this action she did not advise her attorney that she was pregnant by appellant, even though she was specifically questioned on this subject. Apparently this misrepresentation by appellee was the reason for the subsequent withdrawal of her original counsel. Evidence was presented to the trial court that appellee did not reveal her pregnancy because she was afraid that her parents would not let her continue to live at home. There was also evidence that appellant knew appellee was pregnant at the time of the divorce action.

This is certainly a case where we cannot say that "exceptional circumstances" were not present, as set forth in Battersby v. Bell Aircraft Corporation, supra, or that the trial court did not act properly and within its sound discretion in allowing the modification of the final judgment.

■ Appellant's last point asserts error in the trial court's refusal to allow appellant to introduce testimony by appellee's original attorney as to why appellant signed the acknowledgment and waiver. We have examined the transcript and arguments by both parties on appeal and fail to see how the exclusion of this testimony was detrimental to appellant's case.

Finding no error, the judgment of the district court is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.