483 P.2d 1312

**Leonard OBERMAN, Plaintiff-Appellee,**

v.

**Rachel OBERMAN, Defendant-Appellant.**

No. 9118.

Supreme Court of New Mexico.

April 19, 1971.

Menig, Sager, Parker & Curran, John Henry Lewis, Albuquerque, for defendant-appellant.

Nordhaus & Moses, Thomas J. Dunn, Albuquerque, for plaintiff-appellee.

## OPINION

STEPHENSON, Justice.

Defendant-appellant (Wife) moved, pursuant to Rule 60(b) of the Rules of Civil Procedure [§ 21–1–1(60) (b), N.M.S.A., 1953], to set aside a paragraph of a certain stipulation which she had entered into with plaintiff-appellee (Husband) and which had subsequently been incorporated into a final decree of divorce. From a judgment denying her motion, Wife appeals.

During the pendency of divorce proceedings between the parties, on December 20, 1967, they entered into a stipulation settling their differences. The stipulation provided, inter alia, that Husband was to transfer to Wife 12,000 shares of the common capital stock of AMREP with an option to pay Wife $60,000 within a stated period and retain the stock. AMREP was then trading on the American Exchange at $12.25 per share.

The reasons for the difference in the option price and the market price were a certain restriction on alienation and the fact that the stock was pledged to a New York bank under an arrangement whereby it would not be freed for a year.

On the same day, a final decree was entered granting Husband a divorce, find-

ing the stipulation to be fair and equitable, approving and confirming it, and incorporating it into the decree.

About one year later, on December 20, 1968, Wife filed her Rule 60(b) motion. It speaks in general terms of fraud and misrepresentation on Husband's part and his failure to divulge information. Wife further alleged that the offending paragraph was entered into by mistake, though whose mistake and whether of law or of fact is not specified. The theory here is that there was a mutual mistake of law and fact.

Following a hearing, the trial court made findings of fact. In its finding numbered eight, it found that Husband's representations were true and accurate in light of his knowledge at the time of the stipulation; that an agreement effectively restricted disposition of the stock; that he was without knowledge of an upcoming secondary offering of the stock; and that he was without knowledge until some months later that as a result of a new loan arrangement the pledge would be released sooner than had been contemplated.

In its finding numbered twelve the court determined that Husband was not guilty of any fraud, misrepresentation or misconduct; that there was no mistake of fact or law as to the stock and that it would be inequitable to grant to Wife the relief she sought.

Wife's opening gambit is to wage an attack on the court's findings eight and twelve, asserting that they are unsupported by the evidence. Under these circumstances, we are bound to view the evidence, together with all inferences reasonably deducible therefrom, in the light most favorable to support the findings. All evidence unfavorable to the findings must be disregarded and no unfavorable inferences will be drawn.

We have carefully examined those portions of the record cited by the parties in support of their respective positions. We are persuaded that the findings have substantial support in the evidence, and we so hold.

It is therefore unnecessary to consider other points raised by Wife, all of which are predicated upon success in overturning the court's findings, which she has attacked.

The judgment of the trial court will be affirmed.

It is so ordered.

McMANUS and OMAN, JJ., concur.