574 P.2d 588

**Jane M. PARKS, Plaintiff-Appellee,**

v.

**George E. PARKS, Defendant-Appellant.**

**No. 11531.**

Supreme Court of New Mexico.

Feb. 7, 1978.

Bruce A. Larsen, Hobbs, for defendant-appellant.

Turpen, Currier, Everett & Jones, Charles C. Currier, Albuquerque, for plaintiff-appellee.

## OPINION

EASLEY, Justice.

Jane M. Parks, plaintiff-appellee (Mrs. Parks) and George D. Parks, defendant-appellant (Parks) were divorced August 23, 1972. They had stipulated as to the division of their property and the court approved the agreement in the decree. Over three and one-half years later Mrs. Parks moved to modify the decree to obtain a greater amount of Parks' military pension. The trial court held for Mrs. Parks, and Parks appeals. We reverse.

### Issues Presented

The two issues presented for our consideration are (1) whether it was proper for the trial court to entertain a motion under N.M.R.Civ.P. 60(b) [§ 21–1–1(60)(b), N.M.S. A.1953] where over three and one-half years had passed since entry of final judgment in the case, and (2) whether the trial court erred in holding as a matter of law that the stipulation approved by the judgment was ambiguous on its face.

### Material Facts

Parks had made payments of $175 per month to Mrs. Parks as property settlement installments since the final decree was entered. On May 18, 1976, Mrs. Parks filed a motion seeking to obtain payments equivalent to one-half of the amount that Parks was then receiving as a military pension. The motion alleged that the pension is community property, that therefore Mrs. Parks is entitled to one-half of the amount Parks now receives, that the amount of the pension had been substantially increased since the divorce and that Parks had not increased his monthly remittance.

Parks claims that the property settlement agreement approved by the court can not now be reopened and that it plainly states that Mrs. Parks is to receive only $175 per month. Mrs. Parks contends that the wording in the stipulation is ambiguous and that it was intended that she receive one-half of whatever amount of money Parks receives as a pension.

The words in question read as follows: [D]efendant will deposit to plaintiff's bank account the sum of $175 per month out of his air force retirement check of the defendant, said retirement check being considered community property and plaintiff is, therefore, entitled to one-half thereof, and as long as defendant makes such $175 monthly deposits, plaintiff will ask for no more.

The trial court held no evidentiary hearing to determine the intentions of the parties regarding the disposition of the military pension. Furthermore, there is no evidence in the record, except Mrs. Parks' motion and statements of the attorneys, that there was an increase in the amount of the pension received by Parks and no evidence as to the reason that the amount was increased. Also there is no evidence in the record as to what the amount of Parks' retirement check was at the time the judgment was entered. Nor is there any evidence from which it can be determined whether the parties bargained for Mrs. Parks to have less than one-half of the pension in exchange for a greater amount of the other community property.

The trial court held that the language in the stipulation quoted above was ambiguous as a matter of law and declared that it was intended that Parks pay a full one-half of his retirement check to Mrs. Parks. The court held that there was no showing that Mrs. Parks clearly relinquished her right to a one-half interest in Parks' retirement pay.

*Relief Under Rule 60(b)*

█ The judgment entered on August 23, 1972, was a final nonmodifiable judgment of property settlement, not an order for child support, alimony, or custody, which might be subject to later modification. Therefore, the only way to modify or set aside such a judgment would be by appeal or by filing a motion for relief under N.M. R.Civ.P. 60(b).

The lower court apparently felt that, since the time for appeal had long since expired, reopening the case after three and one-half years under Rule 60(b) was proper. No testimony having been submitted by either party, the court's decision on the motion was based only on briefs filed by counsel and oral argument. The record before us contains only the pleadings and the briefs filed.

Rule 60(b)(1) allows for relief from a final judgment for "mistake," 60(b)(3) for "fraud [or] misrepresentation," and 60(b)(6) for "any *other* reason justifying relief from the operation of the judgment." (Emphasis added.) The rule further provides that for reasons (1) (mistake) or (3) (fraud or misrepresentation), "the motion *shall* be made . . . not more than one [1] year after the judgment [or] order . . . was entered or taken." (Emphasis added.)

Mrs. Parks' claim can only be based on mistake in the wording of the stipulation or that some fraud or misrepresentation was involved. Were either of these true, the proper procedure would have been either to appeal at the time the decree was entered or to timely file a motion under Rule 60(b)(1) or (3). Such a motion would have had to be filed not more than one year after August 23, 1972. *See Oberman v. Oberman*, 82 N.M. 472, 483 P.2d 1312 (1971).

Rule 60(b)(6) (any other reason) allows the filing of a motion "within a reasonable time." Thus there is no time limit under part (6) as there is under (1) or (3). *E. g., Freedman v. Perea*, 85 N.M. 745, 746, 517 P.2d 67, 68 (1973). Part (6) is to be used, however, only for reasons *other* than those set out in (1) through (5). If one is arguing mistake, fraud, misrepresentation, etc. he cannot circumvent the one-year limit set out in Rule 60(b) by claiming he is seeking relief only under part (6).

█ Our cases have clarified that Rule 60(b) may be invoked "only upon a showing of exceptional circumstances." *Perez v. Perez*, 75 N.M. 656, 409 P.2d 804 (1966); *Battersby v. Bell Aircraft Corporation*, 65 N.M. 114, 117, 332 P.2d 1028, 1030 (1958); *Terrel v. Duke City Lumber Company, Inc.*, 86 N.M. 405, 436, 524 P.2d 1021, 1052 (Ct. App.1974), *modified on other grounds*, 88 N.M. 299, 540 P.2d 229 (1975). Moreover, Rule 60(b) may not be used to aid counsel who neglect to prosecute an appeal. Rule 60(b)(6) may not be used as a substitute for appeal and does not toll the time for appeal. *Chavez v. Village of Cimarron*, 65 N.M. 141, 146, 333 P.2d 882, 885 (1958). Moreover, we hold that Rule 60(b)(6) may not be used to circumvent the time limit set out for Rule 60(b)(1), (2) and (3) and may be used only for reasons *other* than the ones therein set out. As Mr. Justice Black has explained regarding the federal counterpart to our rule, "In simple English, the language of the 'other reason' clause, for all reasons *except the five particularly specified*, vests power in the courts adequate to enable them to vacate judgments wherever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949) (emphasis added), *modified on other grounds*, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949).

█ The movant herein is therefore time-barred and relief cannot be granted under Rule 60(b). Even if a motion under Rule 60(b)(6) were the proper remedy, it is doubtful whether the movant in this case has shown the "exceptional circumstances" required before such a motion can be granted. *Perez, supra; Battersby, supra.*

*Interpretation of the Stipulation*

Even if the motion for relief under Rule 60(b) were not time-barred, the wife herein would lose on the merits since the stipulation incorporated in the original judgment is not on its face ambiguous.

■ Generally, of course, stipulations must be construed liberally to give effect to the intent of the parties. In seeking the intent of the parties, the language used will not be construed so as to give it the effect of a waiver of a right not plainly intended to be relinquished. *Griego v. Hogan*, 71 N.M. 280, 377 P.2d 953 (1963); *In re Quantius' Will*, 58 N.M. 807, 277 P.2d 306 (1954); *Alldredge v. Alldredge*, 20 N.M. 472, 151 P. 311 (1915); *Crabtree v. Measday*, 85 N.M. 20, 508 P.2d 1317 (Ct.App.1973), *cert. denied*, 85 N.M. 5, 508 P.2d 1302 (1973). This rule applies equally to both parties to the stipulation.

■ To fully understand the disputed words in the stipulation we must read it in the context of the entire stipulation since the whole agreement was incorporated into the final decree. The first paragraphs of the stipulation set out that certain property of the parties is separate property. In contradistinction to this, the contested paragraph sets out that other property, namely the husband's retirement pay, is agreed to be community property, half of which the wife is entitled to claim. The most obvious purpose of the words in the stipulation ("said retirement check being considered community property and plaintiff is, therefore, entitled to one-half thereof") was therefore to set out and make clear that the wife knew she had a right to claim half of the community property whereas, at the time, she had no such claim to separate property of the husband. This declaration was necessary to show the wife had been fully apprised of her rights so that no later claim of fraud or mistake could be made. In essence, the stipulation goes on to say that, knowing that she is entitled to one-half of the retirement, the wife agrees to settle for "the sum of *$175 per month* out of the air force retirement check" and that "as long as <u>defendant makes such $175 monthly deposits, plaintiff will ask for no more</u>." (Emphasis added.)

Referring to the underlined phrase above, we see no reason for the use of the words "plaintiff will ask for no more" if the judgment already has given her all that she would have a right to claim. It is much more reasonable to read the phrase to mean: "I know I am settling for less than my one-half, but if you pay the $175 per month, I will ask for no more."

Neither the wife nor the husband agreed to settle for $175 per month *being half* of the retirement check nor did they agree that, as long as defendant deposited *half of* his retirement check, the plaintiff would ask for no more. The stipulation clearly speaks in terms of a fixed dollar amount, not a fluctuating amount based on half of the retirement check. To read the actual words of the stipulation otherwise would be to deprive the husband of a valuable property right which the language does not clearly show the husband intended to waive or relinquish. Such a construction is forbidden by our case law. *Griego, supra; In re Quantius, supra; Alldredge, supra.*

■ The stipulation involved herein and the judgment adopting it are not ambiguous. The rules to be followed in arriving at the meaning of such judgments and decrees are not dissimilar to those relating to other written documents. Where the decree is clear and unambiguous, neither pleadings, findings, nor matters dehors the record may be used to change its meaning or even to construe it. It must stand and be enforced as it speaks. *Owen v. Burn Const. Co.*, 90 N.M. 297, 563 P.2d 91 (1977); *Chavez v. Chavez*, 82 N.M. 624, 485 P.2d 735 (1971); *Hollingsworth v. Hicks*, 57 N.M. 336, 258 P.2d 724 (1953).

The husband in this case must continue paying the wife $175 per month regardless of the amount of the retirement check and as long as he continues making that payment she may ask for no more.

For the reasons set out above, the trial court decision is reversed. The case is remanded with directions to take action not inconsistent with this opinion.

IT IS SO ORDERED.

McMANUS, C. J., and FEDERICI, J., concur.