590 P.2d 633

Ann L. WEHRLE, Petitioner-Appellant,

v.

Robert A. ROBISON,
Respondent-Appellee.

No. 12011.

Supreme Court of New Mexico.

Feb. 15, 1979.

John S. Campbell, Albuquerque, for petitioner-appellant.

Lynn Allan, Albuquerque, for respondent-appellee.

OPINION

SOSA, Chief Justice.

The question presented by this appeal is whether a Final Decree of Dissolution of Marriage, which incorporates a property settlement agreement entered into by the parties, may be modified under N.M.R. Civ.P. 60(b), N.M.S.A.1978 after the expiration of the statutory time for doing so. We hold that it may not.

On May 5, 1976, the District Court of Bernalillo County entered a Final Decree of Dissolution of Marriage between the parties, and incorporated a Stipulation and Agreement (hereafter Agreement), executed and acknowledged by both of them, which provided for a division of their separate and community property. On October

12, 1977, petitioner filed a verified Motion for Judgment and for Order to Show Cause seeking enforcement of the terms and conditions of the Final Decree, and specifically respondent's obligation to pay certain indebtedness of the parties. On February 27, 1978, the court, upon respondent's oral motion, requested a review of the property settlement as set out in the Agreement. Respondent alleged that the debts in question were not community debts and that he was not aware that he was assuming those particular debts when he signed the Agreement. Petitioner argued that the issue of the property settlement was not properly before the court and objected to the court entertaining any questions regarding the property settlement. She challenged the court's authority to modify the Final Decree after the expiration of the statutory time for doing so. On April 7, 1978, the court entered an Amended Final Decree, completely revising the property settlement and finding that there were no community debts. Petitioner's Motion for Enforcement was denied by implication; she appeals. We reverse.

We have recently held that a final decree of dissolution of marriage is a final, non-modifiable judgment. *Parks v. Parks*, 91 N.M. 369, 574 P.2d 588 (1978). In *Parks*, the parties had entered into a stipulation and property settlement agreement upon divorce, which was incorporated in the final decree. This Court stated:

The judgment entered on August 23, 1972, was a final nonmodifiable judgment of property settlement * * * * Therefore, the *only way to modify or set aside such a judgment* would be by appeal or by filing a motion for relief under N.M.R.Civ.P. 60(b). (Emphasis added.)

*Id.* at 371, 574 P.2d at 590.

N.M.R.Civ.P. 60(b) provides for relief from a final judgment or order due to: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) also specifies time limits in which a motion for relief from a final judgment or order shall be made:

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

In the case presently before us, the only way that respondent could have successfully sought to modify or set aside the judgment entered on May 5, 1976, would have been to appeal the judgment at the time it was entered or by timely filing a motion under Rule 60(b). The time for appeal has long since passed. A district court retains jurisdiction over final judgments for a period of thirty days after entry of the judgment. § 39–1–1, N.M.S.A.1978 [formerly § 21–9–1, N.M.S.A.1953 (Repl.1970)]. A district court loses jurisdiction after thirty days, except for relief available from a final judgment or order under Rule 60(b). *Albuquerque Prod. Credit Ass'n v. Martinez*, 91 N.M. 317, 573 P.2d 672 (1978). Thus, the only alternative open to respondent was to seek relief under Rule 60(b).

Respondent did not challenge the Final Decree under Rule 60(b)(2), (4), or (5). He stated that he was not represented by counsel and that his state of mind was such that he did not know what he was doing when he signed the Agreement. Respondent testified that he was not defrauded into signing the Agreement. He admitted that he made a mistake in entering into the Agreement.

A motion for relief under Rule 60(b)(1) would have been proper if filed within the statutory time limitation; namely, not more

than one year after the May 5, 1976 judgment. However, almost two years have elapsed from the entry of the Final Decree to the time of review of the settlement agreement. We find no merit to respondent's claim of fraud, misrepresentation, or misconduct by petitioner. Even if he had been able to prove misrepresentation or misconduct by petitioner, respondent would still be barred by the time limit applicable to Rule 60(b)(3). The only other remedy available to respondent would be under Rule 60(b)(6), which provides for relief from a final judgment if a motion is filed within a "reasonable time."

An individual must establish the existence of exceptional circumstances to obtain relief under Rule 60(b)(6). *See Perez v. Perez*, 75 N.M. 656, 409 P.2d 804 (1966); *Terrel v. Duke City Lumber Company, Inc.*, 86 N.M. 405, 524 P.2d 1021 (Ct.App.1974), *modified on other grounds*, 88 N.M. 299, 540 P.2d 229 (1975). In *Parks, supra*, 91 N.M. at 371, 574 P.2d at 590, this Court stated:

> Part (6) is to be used, however, only for reasons *other* than those set out in (1) through (5). If one is arguing mistake, fraud, misrepresentation, etc. he cannot circumvent the one-year limit set out in Rule 60(b) by claiming he is seeking relief only under part (6).

Thus, respondent cannot claim relief under Rule 60(b)(1) and (3) and also claim relief under subsection (6).

We find that *Parks, supra*, is controlling in this case. We also find that the Agreement entered into on May 5, 1976, is not ambiguous on its face and that it should be enforced. The provision that the "Respondent agrees to assume and pay each and every other obligation of the community" means all indebtedness of the parties not specifically described elsewhere in the Agreement.

We hold that respondent is time-barred from any relief available under Rule 60(b). The court below erred in entering an Amended Final Decree and in failing to grant petitioner's Motion for Judgment enforcing the terms of the Agreement. This cause is remanded to the district court for the entry of judgment in favor of petitioner and against respondent.

EASLEY and PAYNE, JJ., concur.