This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38927

BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., as Trustee
for MASTR ADJUSTABLE RATE
MORTGAGES TRUST 2004-7,

Plaintiff-Appellee,

v.

BRENDA PRICE,

Defendant-Appellant,

and

CHASE MANHATTAN BANK, USA, N.A.,
HAWK MECHANICAL, LLC, and
PEOPLES BANK,

Defendants.

APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Melissa A. Kennelly, District Judge

Akerman LLP
Michael J. McKleroy, Jr.
Dallas, TX

for Appellee

Brenda Price
Taos, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

{1}     Defendant appeals the denial of her motion for relief from judgment filed pursuant to Rule 1-060 NMRA. Concluding that Defendant had established no exceptional circumstances sufficient to justify relief under Rule 1-060(B)(6), this Court's notice of proposed summary disposition proposed to affirm the decision of the district court. [CN 5] Defendant has filed a memorandum in opposition to that proposed summary disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

{2}     We note at the outset that a summary judgment was entered in this case on February 14, 2017. [3 RP 712] Defendant filed a notice of appeal from that judgment in December 2017, and this Court dismissed that appeal as untimely. [4 RP 1006-10] Because Defendant did not timely appeal that judgment, this Court cannot entertain a direct appeal of that judgment. [Id.] As a result, the sole question before this Court in this second appeal is whether the district court properly denied Defendant's motion, filed on August 28, 2018 [4 RP 993], seeking relief from the previously entered summary judgment. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-060(B)] motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion."). In particular, Defendant's motion sought reconsideration of an order dismissing Defendant's counterclaim filed pursuant to the Home Loan Protection Act (HLPA), NMSA 1978, §§ 58-21A-1 to -14 (2003, as amended through 2021). That counterclaim was dismissed as time-barred by a provision requiring claims to be brought within three years of the closing of the relevant home loan. *See* § 58-21A-11(B)(3).

{3}     In her docketing statement, Defendant asserted that the district court should have granted relief on the basis of exceptional circumstances asserted in her motion. *See Wehrle v. Robison*, 1979-NMSC-016, ¶ 8, 92 N.M. 485, 590 P.2d 633 (explaining that relief pursuant to Rule 1-060(B)(6) is available only on the basis of "the existence of exceptional circumstances"). This Court's notice of proposed summary disposition suggested that the grounds relied upon by Defendant did not establish exceptional circumstances. In her memorandum in opposition to that proposed disposition, Defendant does not address any reasons that she could not have brought her HLPA claim within the three years following May 14, 2014, when the loan was executed. Defendant also does not offer any other basis upon which the district court could have found her circumstances exceptional. Instead, Defendant argues grounds upon which we might find that the summary judgment entered in February of 2017 was in error. Among those grounds, Defendant asserts that Plaintiff's foreclosure action was barred by the applicable statute of limitation [MIO 2-5]; Plaintiff lacked standing to prosecute this suit [MIO 5-6, 13, 14]; Plaintiff misrepresented the date of default in certain pleadings or statements to the district court [MIO 5-9]; Plaintiff was not a holder in due course of the note at issue [MIO 5-6, 13-15]; Plaintiff's case should not have been reinstated following an administrative closure based on lack of prosecution [MIO 6-7]; a second mortgage was fraudulently concealed [MIO 7-9, 10-12]; Defendant was denied a right of rescission by misrepresentations of a lender or servicer [MIO 9, 11]; Defendant did not receive a notice of assignment of the mortgage [MIO 13]; the subject note was

paid off by federal legislation in 2008 [MIO 14]; and an endorsement on the note has not been examined for evidence of tampering [MIO 15].

**{4}**     None of these arguments involve any question that was before the district court in 2018, when it denied Defendant's Rule 1-060(B) motion. Instead, Defendant's memorandum asserts arguments that could have been raised, but were not, in a timely appeal from the summary judgment entered in 2017. As a result, we conclude that Defendant has not met her burden of establishing any exceptional circumstances that would have justified granting the motion she filed in 2018. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that the party claiming error bears the burden of showing such error); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (holding that "in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

**{5}**     We, therefore, affirm the district court's order denying relief from judgment.

**{6}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**