**Aage R. MORTENSEN, Plaintiff,**

v.

**HONDURAS SHIPPING COMPANY and Suwannee Steamship Company, Defendants.**

United States District Court
S. D. New York.
Aug. 15, 1955.

Richard M. Cantor, New York City, for plaintiff.

Tompkins, Boal & Tompkins, New York City, for defendants.

DAWSON, District Judge.

1. The motion to strike out the answer of defendant Suwannee Steamship Company and for judgment by default is denied.

2. This court has no power to order the defendant Suwannee Steamship Company to produce L. Louis Green, Jr., its former Vice President, for the further taking of his deposition, which was taken on January 11, 1952, since it affirmatively appears that this man is no longer employed by, or under the control of, the defendant and so much of the motion as seeks this relief is denied. If plaintiff wishes to secure further testimony from him, plaintiff must proceed under Rules 30 and 45.

3. This court does not have power to compel the defendant to compel L. Louis Green, Jr. to sign his deposition. The papers do not indicate, as is required by Rule 30(e), that the testimony of this witness has been submitted to him for his examination, or that he has refused to sign it, or that he is ill, or cannot be found. Since plaintiff took the deposition presumably before an officer of plaintiff's own choosing, plaintiff should comply with the provisions of Rule 30(e). So much of the motion as seeks an order requiring Mr. Green to sign his deposition, or making his deposition admissible merely by the certificate of the notary who took the deposition, is denied.

4. Plaintiff seeks an order directing the President of the defendant Suwannee Steamship Company to answer some 85 questions listed on Attachments A and B to the notice of motion which, plaintiff alleges, this witness improperly refused to answer when his deposition was taken on June 6, 1955, and also that an order be entered requiring this witness to produce, on a continuance of the taking of the deposition, some 30 categories of documents. I have read this deposition, and it seems to me that the witness answered most of the relevant questions put to him fully and frankly. The principal trouble seemed to be that the attorney for the plaintiff failed to ask many of the questions with clarity and precision, and that the attorney for the plaintiff asked numerous questions which could be answered only by a study and research of the old documents of the defendant. Certain of the questions referred to in Attachments A and B were not questions to the witness at all, but were questions to the attorney for the defendant. Some of the answers of the witness were that he had no knowledge on the particular subject, or that it would be necessary for him to examine files and records of the company which were in Florida to get the answers. Plaintiff has not shown that these answers of the witness were in bad faith.

In a number of instances, plaintiff's attorney asked for documentary material, and the attorney for the defendant stated that it would be procured and furnished to the plaintiff. There is no indication that the witness unreasonably failed to produce any agreements, documents, books and records which he reasonably might have concluded were within the scope of the order of Judge Conger dated February 29, 1952. Plaintiff has required the taking of this deposition in New York. It cannot be expected that a witness who is an officer of a company who is being examined in New York will transport all the books, records, documents and files of his company to New York from Florida where the principal place of business of the corporation apparently is located. To require this to be done would be an unfair imposition on the defendant.

Therefore, in accordance with the provisions of Rule 30(b), the motion that the deposition of defendant Suwannee Steamship Company, through its President, be continued at this Courthouse is denied, and it is directed that any continued deposition be taken by written interrogatories. After answers are received by plaintiff to the interrogatories, he may, if he deems it necessary, apply to this court upon good cause shown for a continuance of the oral deposition. If plaintiff wishes the inspection and copying of any documents, he can move for such inspection and copying under Rule 34.

Inasmuch as interrogatories are to be served, I should point out that there are certain types of questions which were asked on the oral deposition which the witness refused to answer, and where I find the questions to be relevant and proper. Such questions may be asked on written interrogatories and when so asked, shall be answered. These questions fall into the following categories:

A. The witness refused to answer questions about the acquisition by Honduras Shipping Company of any ships except the "A. Mitchell Palmer", or about the financing of the acquisition by Honduras Shipping Company of any other ships, or about actions taken by Suwannee Steamship Company, as agent for Honduras Shipping Company, with reference to ships other than the A. Mitchell Palmer. The objections to these questions are unjustified. One of the issues raised in the amended complaint was that the A. Mitchell Palmer was owned and operated by both Suwannee Steamship Company and Honduras Shipping Company. The witness testified that these were two separate corpora-

tions; that Suwannee Steamship Company acquired the ship for the account of Honduras Shipping Company; that he was the sole stockholder of both of these corporations, except for what appear to be qualifying shares of the directors of the respective corporations; that he put up the capital for Honduras Shipping Company; and that Suwannee acted as principal agent for Honduras Shipping Company in the operation of the vessel. Questions as to how Honduras Shipping Company acquired each of the ships, how it financed the acquisition of each of the ships, and how each of them was managed may all be relevant as leading to possible information about the real ownership and operation of the A. Mitchell Palmer. However, such questions should be limited to the period preceding the date of the accident involved in this action.

■ B. The witness also unjustifiably refused to answer questions as to his knowledge of the business of the men who are officers and directors of Honduras Shipping Company and as to whether there were any technical personnel, concerned with the operation of steamships, in the office of Honduras Shipping Company, and whether the witness had any representative of his own choosing to countersign checks in Honduras. All of these questions may be relevant to the issue as to whether Honduras Shipping Company did, in fact, own and operate the A. Mitchell Palmer or whether it is a mere corporate shell with no living vitality.

■

C. The witness also unjustifiably refused to answer a question as to whether there was anything that Honduras Shipping Company does in connection with operating its vessels that it does alone and not through the agency of Suwannee Steamship Company; and also whether there is anyone in Honduras who can answer questions concerning the operation of the vessels. These were proper questions.

■ Answers to all of these questions may be secured by interrogatories. As to questions which might involve the examination of books, records, and documents of Suwannee, I may say, in passing, that I can see no relevancy to the demand of the plaintiff for the production of the itineraries of all of the 14 vessels of Honduras Shipping Company for many years. If plaintiff wishes to inquire which of these vessels sailed to or from the country of Honduras and where the principal voyages of these ships took place, it can secure the information by properly drawn interrogatories.

■ 5. So much of the motion as seeks an order that the deposition of Honduras Shipping Company be held at this Courthouse following the completion of the deposition of Suwannee Steamship Company is denied at this time, with leave to the plaintiff to renew such motion, after the deposition of Suwannee Steamship Company is completed, by showing good cause for the taking of the deposition of a particular officer or director of Honduras Shipping Company in New York.

So ordered.