237 F.2d 263
 16 Alaska 436
 HASKELL PLUMBING AND HEATING COMPANY, a corporation, Appellant,
v.
Jimmy WEEKS, Tommy Judson, Mike Cullinane, Ole Franz, Roy
Callaway, Tom Mulcahy, Ben Holbrook, Jesse Hobbs
and W. Van Smith, Appellees.
 No. 14724.
 United States Court of Appeals Ninth Circuit.
 Oct. 2, 1956.
 
 Bell, Sanders & Tallman, Bailey E. Bell, Anchorage, Alaska, for appellant.
 Harold J. Butcher, Anchorage, Alaska, for appellee.
 Before POPE and CHAMBERS, Circuit Judges, and BOLDT, District Judge.
 POPE, Circuit Judge.
 
 
 1
 The plaintiffs in this action were all employees of the defendant. Claiming that each of them severally suffered damages arising out of the same occurrence, or series of occurrences, alleged to have been brought about through a breach of duty on the part of the defendant, they joined in this one action their several claims, and each of them recovered judgment against the defendant. Defendant appeals.[1]
 
 
 2
 Each of the plaintiffs was a plumber and all were employed by the defendant to work upon a construction job at a military base at a place called King Salmon, some eight miles from Naknek, Alaska. The prime contractor under the Government contract was Gaasland Construction Company. The defendant was subcontractor doing the plumbing and heating portion of the construction work. The contract of employment provided that these employees would be furnished housing or living facilities including board and meals while they were employed on this job.[2] At the job location, the only available transient accommodations were at a motel which was inadequate to provide for the number of men employed on this job, and hence the plaintiffs were housed in barracks established in a Quonset hut near the job location. They boarded at a mess hall nearby. The housing and board facilities were furnished by the Gaasland Construction Company under an arrangement with the defendant Plumbing and Heating Company whereby the latter paid the former on a man-day basis.
 
 
 3
 During the time while the plaintiffs were thus being furnished housing accommodations as agreed upon, the barracks caught fire and were completely destroyed. Each of the plaintiffs had in his assigned place in the barracks clothing, traveling bags, toilet articles, and some of them had guns, ammunition, and fishing tackle; some had watches, others had cameras, watches and clocks, and one of them had a set of upper and lower dental plates. All of this personal property was lost in the fire and plaintiffs claimed damages to the extent of its value.
 
 
 4
 Each separate cause of action alleged that the fire was caused by the negligence and breach of duty of the employer Plumbing and Heating Company. The evidence showed and the court found that the fire was started by an explosion occurring in a heating stove in the barracks building. The explosion was caused by a certain 'bullcook' employed to look after and attend to the fire. He negligently mixed gasoline with fuel oil which was fed into the stove. The stove was designed to burn fuel oil but the 'bullcook' added the gasoline to the fluid in the hope that this would 'stop the stove carboning up as they have been carboning up'. Each of the plaintiffs was left with nothing except the clothes he was wearing at the time of the explosion. The evidence further indicates that the 'bullcook' was an employee of Gaasland Construction Company, he being the person employed by the prime contractor to look after and take care of the living quarters. Appellant says that it cannot be liable for the person guilty of negligence was not its servant.
 
 
 5
 We think, however, that the trial court rightly held that the defendant Plumbing and Heating Company was responsible and liable for the damages suffered by these plaintiffs. As employer it owed to the plaintiffs the common law duty to provide its employees with a reasonably safe place to work and reasonably safe equipment and appliances in connection therewith. Ordinarily the employer's duty in this connection has reference only to the place where the employee actually does his work; but it has been held that in a case like this, where the circumstances of the employment are such that the employee is required in connection with his employment to be absent from his own home and to occupy a place furnished by the employer, then the master's duty with respect to safe places and safe appliances extends to the premises where the employee is required to stay. This rule has been applied in cases of domestic servants and of railroad construction employees required to sleep or stay in a railroad construction camp. Illustrative of the latter type of case is Milburn v. Chicago, M.St. P. & P.R. Co., 331 Mo. 1171, 56 S.W.2d 80, 88, where the Missouri court in interpreting the common law of Iowa, held that the railroad company's duty to furnish its employees a safe place to work extended to the furnishing of appliances for building fires in a bunkhouse constituting a part of the railroad construction camp where the employees were required to stay. In that case the 'bullcook' put gasoline in the kerosene barrel from which the employees usually took coal oil to help start fires. The plaintiff employee recovered for personal injuries received when he was burned by the explosion of gasoline. The court called attention to the fact that the employee's occupancy of the bunkhouse was for the benefit of the master and as an accessory or aid to the performance of his duties as a servant, and that under those circumstances the master was liable for injuries caused by the defective condition of the premises. The court said: 'So, likewise, the master is liable under such conditions, for any negligence which makes the place where he required his employee to stay, unsafe.'
 
 
 6
 We think that the statement just quoted sets forth a sound principle of law and that it is applicable here. In consequence, the defendant employer owed a duty in respect to the safety of these barracks where his employees were required to stay; and, under equally well established principles, that duty is one which the employer cannot escape by delegation to another. 'The master's duty to provide the servant with a reasonably safe place to work is nondelegable.' Myers v. Little Church by the Side of the Road, Wash., 227 P.2d 165, 170. It is therefore of no consequence that the defendant here arranged by contract with the prime contractor for the furnishing of the lodging facilities, or that the 'bullcook' was Gaasland's employee.
 
 
 7
 We think also that liability was properly charged to the defendant for a further reason: The testimony shows that some ten or eleven days prior to the fire, one of the plaintiffs saw the bullcook mixing the gasoline with the fuel oil and called this to the attention of the defendant's superintendent who assured this employee and one of the others that he knew that this procedure was unsafe but he would take measures 'to have it taken care of so that they would not do that any more'. It seems plain to us that the employee had the right to rely upon the superintendent's assurance. It is also plain that the superintendent was himself guilty of negligence after receipt of this notice in failing to take such steps as were necessary to put a stop to these procedures. The record unquestionably shows that the court properly held that defendant liable to each of these plaintiffs.
 
 
 8
 We do, however, find ourselves compelled to order a portion of this cause to be remanded for the taking of further evidence of damages. Upon the trial the plaintiff Callaway testified in full and at length with respect to the personal property which he lost in the fire and as to its value. The court had before it not only Callaway's testimony as to the items and their value, but it also had other testimony on the basis of which it arrived at a conclusion as to a proper allowance for depreciation, and found Callaway's damages or loss to be $765.46. Plaintiff Hobbs also had given a deposition in which he likewise testified at length with respect to the items and value of personal property lost by him. However, after Callaway had testified and been cross-examined extensively with respect to the items and values which he claimed were destroyed, the court suggested that the proceedings might be shortened greatly if the plaintiffs would offer in evidence as proof of the damage and loss suffered by the other plaintiffs, their several answers given in response to interrogatories which had been propounded to each of them by the defendant. Counsel for the plaintiffs acquiesced in this suggestion and the court admitted these answers upon the theory that they would be admissible as evidence on behalf of the plaintiffs under that portion of Rule 33, as amended, which provides: '* * * and the answers may be used to the same extent as provided in Rule 26(d) for the use of a deposition of a party.' This ruling was made over the objection of the defendant.
 
 
 9
 It seems clear that the trial court was in error in permitting these answers, which were self-serving, to be introduced on behalf of the plaintiffs and that this error was compounded by refusal to permit the plaintiffs to be cross-examined upon the question of the amount of their losses. It is true that Rule 26(d) permits the use of depositions or portions thereof, but only 'so far as admissible under the rules of evidence'. The rules of evidence would permit answers such as these to be used against the party giving them, but because they are self-serving they should not have been admitted on behalf of these plaintiffs. Lobel v. American Airlines, 2 Cir., 192 F.2d 217, 221. See 4 Moore's Federal Practice, (1950 ed.) 33.29.
 
 
 10
 The judgment of the court, insofar as it awards damages in favor of the appellees Roy Callaway and Jesse Hobbs, is not subject to any infirmity, and to the extent that it awards judgment to those appellees, it is affirmed. The remainder of the cause is remanded to the court below with directions to take further testimony with respect to damages only as the same concern the other appellees Weeks Judson, Cullinane, Franz, Mulcahy and Holbrook. The findings and conclusions of the court to the effect that such appellees are entitled to recover their damages from the appellant shall stand, and upon ascertainment of the amount of damages properly to be awarded to such appellees, judgment shall be entered in their favor for such amounts.
 
 
 11
 The judgment in favor of the appellees last named is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
 
 
 12
 A separate order will be filed respecting the costs upon this appeal.
 
 
 
 [1]
 No complaint is made about the joinder of these several claims. See Rule 20 Rules Civil Procedure, 28 U.S.C.A., and Farmers Co-op Oil Co. v. Socony-Vacum Oil Co., 8 Cir., 133 F.2d 101, 105
 
 
 [2]
 This arrangement was provided for in an agreement made between defendant and other members of an employers' association and the employees' union of which plaintiffs were members. It provided 'Members sent out of town by the employers shall be furnished first class board, room and transportation and straight times wages, etc.'