**Fannie PORTER, as Administratrix of the goods, etc., of Elwood W. Porter, Plaintiff,**

**v.**

**SEAS SHIPPING COMPANY, Inc., Defendant.**

United States District Court
S. D. New York.

Dec. 17, 1956.

Lee Pressman, New York City, for plaintiff.

Burlingham, Hupper & Kennedy, New York City, William M. Kimball, New York City, of counsel, for defendant.

FREDERICK VAN PELT BRYAN, District Judge.

Plaintiff administratrix sues for the wrongful death of her intestate arising from injuries suffered while a merchant seaman aboard defendant's ship. Defendant has taken the depositions of five seamen as witnesses under Rule 30, Fed. Rules Civ.Proc., 28 U.S.C.A., but the depositions have not been signed by the deponents and have not been filed.

Plaintiff moves, pursuant to Rule 32 (d), F.R.C.P., to suppress all five depositions on the ground that they were not signed, sealed, certified and filed within a reasonable time of their taking.

Defendant has consented to the suppression of the deposition of the witness Kolina. The witnesses Kienast, Cruz and Galindez sailed aboard various ships before their depositions had been transcribed and are not available to sign them. Defendant states that counsel for plaintiff waived the formalities on the deposition of the witness Lyons.

Rule 30(e), F.R.C.P., provides that a deposition shall be signed unless "the parties * .* * waive the signing or the witness is ill or cannot be found or refuses to sign". If the deposition is not signed for such reasons "the officer [before whom the deposition is taken] shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor". The deposition may then be used as fully as though signed "unless on a motion to suppress under Rule 32(d) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part".

These provisions should be liberally construed "in the interest of allowing the trier of fact to have all available relevant data". 4 Moore, Federal Practice, p. 2055 (2d Ed.1950).

Under a liberal construction of Rule 30(e) the three witnesses now at sea plainly "cannot be found" within the meaning of the rule. The words "cannot be found" must be taken in context and are applicable to a witness who is on a protracted sea voyage and is unavailable to sign his deposition in the jurisdiction or at the place where the deposition was taken. There is no reason why the officer taking the deposition cannot "sign it and state on the record the fact of the * * * absence of the witness" as provided by the rule.

Defendant's claim that the formalities in the Lyons' deposition were waived by plaintiff's counsel is supported only by a bare statement to that effect in its answering affidavit. If the formalities were waived this fact should appear on the record of the deposition or be supplied by appropriate proof filed with the deposition.

No good reason is advanced by plaintiff's counsel why he did not follow the usual and time-saving practice of stipulating to waive the formalities. Such procedure is provided for to save time and trouble of both the parties and the Court. If defendant had waived, the difficulties which caused this motion to be made would no doubt have been avoided.

Plaintiff is not shown to have suffered any prejudice because of the failure thus far to file the depositions. There appears to be no good reason why defendant should not be permitted to file them promptly after compliance with Rule 30 (e) in the manner I have pointed out.

The motion to suppress the depositions of Kienast, Cruz, Galendez and Lyons is granted unless respondent complies as indicated with the provisions of Rule 30 and files them within five days after the entry of the order on this motion. The motion to suppress the deposition of Kolina is granted on consent. Settle order on notice.