Thurman SMITH, Trustee, et al.

v.

INSURANCE COMPANY OF NORTH AMERICA et al.

Civ. A. No. 434.

United States District Court
M. D. Tennessee,
Columbia Division.

April 19, 1962.

See also 30 F.R.D. 540.

Cecil Sims, of Bass, Berry & Sims, Nashville, Tenn., for original plaintiffs.

Fyke Farmer, Nashville, Tenn., for substituted plaintiff, Mrs. Trice.

Lon P. MacFarland and William B. Cain, of MacFarland & Colley, Columbia, Tenn., Joe W. Henry, Jr., of Henry & Henry, D. C. Lee, Pulaski, Tenn., and Malcolm Marshall, of Ogden, Brown, Robertson & Marshall, Louisville, Ky., for defendants.

GRAY, District Judge.

This is a suit for collection of fire insurance, jurisdiction being by virtue of diversity of citizenship. It was filed on June 19, 1957, by Joe W. Scales as owner of certain feed and grain mill property that had been destroyed by fire on July 14, 1956, and by holders of certain mortgages on the property. The defendants are nine different insurance companies.

Plaintiffs seek recovery, in addition to collection under the terms of the policies, of the bad faith penalty provided for by Title 56, Tennessee Code Annotated, Section 1105. The defendants answered, alleging intentional burning by Scales or his agents and counterclaiming for the bad faith penalty provided for by Title 56, Tennessee Code Annotated, Section 1106. Plaintiffs entered a general denial to the counterclaims.

Mr. Scales died on April 13, 1959, and on April 12, 1960, by consent order, the Executrix of his will, Mrs. Helen Corinne Scales Trice, was substituted as party plaintiff. On November 18, 1960, the defendants moved to substitute her also as party cross-defendant and for leave to file amended counterclaims in which they (1) alleged additional details in support of their allegations of intentional burning, and (2) sought recovery over against the Scales estate in the event the mortgagees should recover judgment. Among the additional details alleged was the identification of one James Nelson as one of those who allegedly set the fire.

On December 22, 1960, these motions were granted over the written objections of Mrs. Trice, supported by affidavits and exhibits, but without prejudice to her right to assert the same objections in her answer to the amended counterclaim.

Subsequently, plaintiff, Mrs. Helen Corinne Scales Trice, Executrix, has filed certain motions which are before the court for decision. They are discussed hereinafter.

**I**

*Motion filed December 23, 1960, to suppress the deposition of James Nelson taken on March 16, 1960, and to require production of a tape recording of an interview between James Nelson and D. C. Lee, Esquire, one of the attorneys for defendants.*

By reference to the text of the motion quoted in the footnote,[1] it will be noted

---

1. "The plaintiff Helen Corinne Scales Trice, Executrix under the Will of Joe W. Scales, moves to suppress the deposition of James Nelson upon the ground that the said James Nelson refused to sign the deposition and gave to Louise F. Dunlap, the court reporter taking the deposition a statement in writing which he requested her to attach to the deposition as his reason for refusing to sign same. Said statement was a copy of the statement filed as an exhibit to the affidavit

that, with regard to the deposition, the grounds relied upon by the movant are not precisely stated; however, the question as to whether there was compliance with the formalities required by Rule 30 (e), Federal Rules of Civil Procedure, 28 U.S.C.A., may be considered to have been raised by the motion and the supporting affidavit. This rule provides:

"When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress under Rule 32(d) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part."

Rule 32(d) provides:

"Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer under Rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained."

█ It clearly appears from the deposition itself (Pages 121–122) that there was no waiver by the witness and the parties of the requirement that the deposition be submitted to the witness for examination and reading. In addition, there is no notation on the record of any waiver. The deposition was not signed by the witness after being read to or by him, and there has been no compliance with the requirements set forth by the rule for the filing of an unsigned deposition. The motion to suppress was filed three (3) days after the filing of the deposition in the Clerk's Office on December 20, 1960.

Accordingly, the motion to suppress must be granted unless the defendants obtain compliance with the provisions of the rule within five (5) days after entry of the order hereunder. Porter v. Seas Shipping Company, 20 F.R.D. 108 (D.S. D.N.Y.1956).

The second portion of the motion relative to the production of the tape recording is considered as withdrawn because it has been superseded by a subsequent motion for the production of documents, considered hereinafter.

II

*Motion filed on April 4, 1961 by this plaintiff, Mrs. Trice, for an order compelling "the defendants, by the officers named in the interrogatories, to answer"*

---

of this plaintiff filed on December 15, 1960. In this statement James Nelson explains how a confession that he burned the mill was obtained from him by coercion on the part of the attorneys representing the defendant insurance companies in this case together with the connivance of P. M. Butler, Sheriff of Giles County.

"Plaintiff further moves for an order requiring D. C. Lee to produce for examination and transcription by plaintiff and her attorney the tape recording of his interview with the said Nelson on the occasion described in the discovery depositions of P. M. Butler, Joe Henry and the said D. C. Lee."

*the interrogatories filed on December 9, 1960.*

The interrogatories referred to consisted of nine sets of interrogatories, each addressed to one of the corporate defendants, requesting the specific defendant, by certain officers designated either by name or title, or both, to answer the interrogatories.

Defendants filed an objection to the motion, as follows:

"Come now the defendants and show to the Court that the alleged interrogatories of December [9], 1960 referred to in the plaintiff's motion have never in fact been served upon the officers allegedly named in such interrogatories and thus cannot be answered."

It appears, from the certificate of attorney for plaintiff, that copies of the interrogatories were served on counsel for the defendants by mail. There is no contention by defendants that their attorneys did not receive them or that the certificate was false, improper or ineffective in any way.

Rule 33, Federal Rules of Civil Procedure, provides in part:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party.  \*  \*  \* "

The rule does not require service on the particular officers who are expected to answer on behalf of the corporate party, but merely service on the party. It does not make clear who is to designate the "officer or agent" who shall answer for the party.

In Kennedy v. Mississippi Valley Barge Line Co., 7 F.R.D. 78 (D.W.D.Pa.1946), the court took the view that the rule required the party serving the interrogatories to designate the officer or agent to answer them. The court held the failure to do so would be overlooked where the corporate party made no objection on that ground, however.

In Holland v. Minneapolis-Honeywell Regulator Co., 28 F.R.D. 595 (D.D.C. 1961), on the other hand, the court upheld, without prejudice, objections that the interrogatories were addressed to the president of the defendant corporation instead of the party itself. The court said:

"[T]his provision does not mean that the party serving the interrogatories may select the particular officer or agent of the adverse party and direct the interrogatories by name to such officer or agent. Interrogatories may be directed only to the adverse party, and if the adverse party is not an individual, then the party selects some officer or agent to respond to the interrogatories and to swear to the answers."

In the instant case, plaintiff served the interrogatories upon the corporate party and directed them to the party, as required in the Holland case; she also designated the officers from whom she desired the answers, as required in the Kennedy case.

■ It is not necessary, at this time, to decide whether the officers named must respond or whether the various defendants may designate other officers. The objection of the defendants is solely to the fact that there was no personal service upon the named officers. This objection is not good.

■ The further question is raised as to whether the defendants' failure to make proper objection to the interrogatories within ten (10) days or to answer them within fifteen (15) days now precludes them from offering further objections they might have offered within the original ten-day period. In view of the conflicting opinions cited, it is held that the defendants' failure to comply with

the rule, as here interpreted, does not so preclude them.

The motion will be granted and the defendants ordered to answer the interrogatories within fifteen (15) days of the entry of the order on this motion, unless they file other objections to the interrogatories within ten (10) days of said entry.

### III

*Motion filed on April 4, 1961, by this plaintiff, Mrs. Trice, for an order compelling Mr. D. C. Lee, one of the attorneys for defendants, to answer two questions asked him during the taking of his deposition on April 26, 1960.*

Mr. Lee has objected to the motion as to each question on the same grounds: (a) that it is irrelevant and immaterial to any question at issue; and (b) that it would require disclosure of the "work product" of an attorney, which he contends is privileged.

The first question appears at Pages 10–11 of the deposition during questioning by Mr. Farmer about the circumstances surrounding the obtaining of Nelson's confession. The transcript shows the following exchange:

"Q. * * * The tape recording that Mr. Dunlap has that I have listened to, that I understand is taken from your wire recorder, says —you started out telling James Nelson 'We know how it was burned, we know all about it, and we know you were one of the ones that took part in it, is that right?' And it has him saying 'Yes, sir.' Was that true that you knew all about it, what you told him, how it was burned and everything?

"MR. HENRY: Now, Mr. Farmer, I'm not going to submit Mr. Lee to questioning along that line. Mr. Lee is an ethical and honorable member of this bar, and he won't be a witness in the lawsuit, and he's already stated that the statement that James Nelson later on made was not

true, and I'm not going to let him be examined on this, on the taking of this statement, except to let him state to you that the questions he asked and the answers he received are as indicated there, and that they are what transpired."

The question obviously could lay the groundwork for other questions that could lead to the identification of possible witnesses to the fire on which this lawsuit is based. And this is specifically included in the scope of discovery by deposition as defined in Rule 26(b), Federal Rules of Civil Procedure.

The issue on this question is thus reduced to the merits of Mr. Lee's contention that the question calls for disclosure of the work product of an attorney in violation of privilege. The "work product of an attorney," except as it may be included in the common law attorney-client privilege, is not privileged. The "work product" doctrine merely accords such matter a special standing so that good cause or necessity must be shown to require its disclosure. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451 (1947). However, since the movant here has made no effort to show good cause or necessity, the result will be the same as if there were a privilege if the information asked is properly included in the "work product" doctrine.

The doctrine "does not apply to information sought as to whether there was such 'work product' but only to the information, if any, contained therein." McCall v. Overseas Tankship Corp., 16 F.R.D. 467, 469 (D.S.D.N.Y.1954). Nor does it prevent inquiry "as to the existence, if any, of the reports or other memoranda * * * and of their location," although the reports or their contents may perhaps turn out not to be subject to a disclosure order. Cities Service Oil Co. v. Celanese Corp. of America, 14 F.R.D. 246, 249 (D.Del.1953). The same logic seems unavoidable here. The plaintiff may pursue her inquiry about the opposing counsel's knowledge of the

fire at least far enough to determine whether he had such knowledge. It appears likely that she could further inquire as to the identity and location of the sources of that knowledge, animate or inanimate, but a final ruling on that question need not be made on this motion. It suffices to say that this question called for relevant, unprivileged information that was not within the "work product" doctrine requiring a showing of good cause or necessity. The deponent accordingly will be ordered to answer it.

The second question appears at Page 11 of the deposition:

"Q. Had you talked with R.C. Jones about this fire before you met James Nelson here in the courtroom?

"MR. HENRY: Mr. Farmer, you are being most unfair to another lawyer. We have talked to everybody about this thing—now, we're not going to tell you who all we've talked to. We've talked to you about it; we've talked to Mr. Forrester about it; we've talked to every witness you've ever heard of about it; we're not going to submit to an examination on that, you know that's not—you're not doing a brother lawyer right about this thing."

■ The relevance of this question is not made apparent. No groundwork was laid during questioning to show what R. C. Jones's role in the matter might be, nor what value it would be to the plaintiff's counsel to know the order of the defense counsel's interviews with Jones and Nelson. No effort on the movant's part appears either in the wording and context of the deposition itself, in his motion, or by any accompanying paper to assist the court in discovering the significance of the question. Something more than this is needed to invoke the compulsive power of the court in aid of discovery.

The motion as to the second question is therefore denied.

## IV

*Two motions filed respectively April 4, 1961, and December 26, 1961, by this plaintiff, Mrs. Trice, for an order requiring the defendants to produce certain documents and other items.*

■ These motions are authorized, if at all, by Rule 34, Federal Rules of Civil Procedure, which provides in part:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control * * *."

Neither motion was accompanied by any affidavit and neither contained in themselves any allegations of cause. The defendants objected to the first motion on the ground that "not only does it fail to show good cause * * * but in fact shows no cause whatsoever to justify an order to require production of documents," and on the further ground that it was not accompanied by an affidavit. The first ground is sufficient to defeat the motion, and the second motion, although not specifically contested, must fall for the same reason.

■ In Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811 (1948), the correct interpretation of Rule 34 on this matter was given in these words at page 814:

"But it was not the duty of the District Court to search out a 'good cause' for the production of the re-

port. It was the duty of the appellant explicitly to show in his motion or by a supporting affidavit the need of the report for the purposes of the trial."

Both motions will, therefore, be denied.

Order in accordance with opinion.

