508 P.2d 1317

**Lacy CRABTREE, Plaintiff-Appellant,**

**v.**

**Lavon Mary MEASDAY, Defendant-Appellee.**

**No. 990.**

Court of Appeals of New Mexico.

Jan. 26, 1973.

Rehearing Denied Feb. 20, 1973.

Certiorari Denied March 20, 1973.

James T. Martin, Jr., William L. Lutz, Martin & Martin, John A. Anderson, Las Cruces, for plaintiff-appellant.

Edward E. Triviz, Las Cruces, for defendant-appellee.

OPINION

SUTIN, Judge.

Plaintiff's claim for personal injuries, suffered in an automobile accident, received an adverse verdict of the jury. Plaintiff appeals from the judgment entered for defendant.

We reverse.

Three points are raised on appeal, (1) whether plaintiff's accident report introduced in evidence by stipulation estopped plaintiff from explaining or denying the correctness of the document; (2) whether defendant can introduce in evidence her own answers to interrogatories propounded by plaintiff; and (3) whether a deposition, not read or signed by the witness, is admissible in evidence where the parties have not waived the examination, reading and signing of the deposition by the witness.

■ (1) *Plaintiff's Accident Report Introduced in Evidence by Stipulation did not Estop Plaintiff from Explaining or Denying the Correctness of the Document.*

On September 15, 1971, the parties stipulated that the "statement of the plaintiff, . . . designated as 'Claimant's Report of Accident' dated May 7, 1969 *may, at the election of either party* be introduced into evidence." [Emphasis added]

On December 7, 1971, more than a month before trial, the trial court entered an order, including within it, the binding effect of the stipulation. It reads in part:

\* \* \* \* \* \*

IT IS FURTHER ORDERED that the plaintiff is estopped from denying the effect of the Stipulation and is therefore bound thereby with respect to claimant's report of accident dated May 7, 1969 and is estopped from claiming that language was added to said report after plaintiff signed and initialed it, and to which action and ruling of the court the plaintiff excepts.

On January 17, 1972, the day before trial, a pre-trial order was signed by court and counsel pursuant to § 21–1–1(16), N. M.S.A. 1953 (Repl. Vol. 4). One of the contested issues of law stated was:

1. The binding effect of plaintiff's stipulation to allow the introduction of an ex parte statement, entitled "CLAIMANT'S REPORT OF ACCIDENT".

Under Proposed Exhibits and Objections, it is stated:

2. Ex parte statement of plaintiff, entitled, "CLAIMANT'S REPORT OF ACCIDENT". (Plaintiff insists upon his right to explain the same in detail.) (Requests permission to tender testimony for the record.)

These issues were preserved for review, Mantz v. Follingstad, 505 P.2d 68 (Ct. App.) decided November 22, 1972, and they were properly challenged.

■ The above stipulation must be given a fair and reasonable construction in order to effect the intent of the parties. To seek the intention of the parties, the language should *not* be so construed as to give it the effect of an admission of a fact obviously intended to be controverted. Neither should it be so construed as to constitute a waiver of a right not plainly intended to be relinquished. Alldredge v. Alldredge, 20 N.M. 472, 151 P. 311 (1915); In re Quantius' Will, 58 N.M. 807, 277 P. 2d 306 (1954); Griego v. Hogan, 71 N.M. 280, 377 P.2d 953 (1963); Southern Union Gas Co. v. Cantrell, 57 N.M. 612, 261 P.2d 645 (1953). Compare, Caranta v. Pioneer Home Improvements, Inc., 81 N.M. 393, 467 P.2d 719 (1970).

In Atchison, Topeka and Santa Fe Railway Company v. Rodgers, 16 N.M. 120, 113 P. 805 (1911), a stipulation was entered into by the parties " '. . . that the paper hereto attached is an exact copy of the instrument in writing, . . . and that the said contract, Exhibit A, may be used in evidence in this case the same as if the representatives of the defendant, . . ., were here present and testified to the fact of the signing of said instrument in writing by said parties.' "

The court said:

The circumstances surrounding the execution of this stipulation, and, indeed, its very terms, show that it was intended to stipulate only to the genuineness of the instrument and its use by plaintiff for transportation, thus relieving defendant from the necessity of bringing to the trial the two witnesses named in it. It would be a strange and utterly unreason-

able construction of this agreement to hold that the plaintiff assented thereby to the validity of the contract as limiting his recovery and thus practically stipulating away his whole case. While stipulations fairly made between counsel ought to be enforced, they are not to be given effect beyond their terms.

We believe the same legal principle applies to the instant case.

The defendant introduced the stipulation and accident report in evidence. The stipulation did not state the attendant facts and circumstances surrounding the execution and initialing of the report.

On November 8, 1971, a month before the order was entered, plaintiff filed an affidavit in response to defendant's motion for summary judgment in which he explained the attendant circumstances. He attached an executed copy of the accident report with a portion "blanked out." The portion "blanked out" was the claimed version of the facts of the accident written in by the person procuring the report. Plaintiff insisted on his right to explain this portion of the accident report with testimony in support thereof.

Plaintiff had this right to explain to the jury his recollection of the facts and circumstances surrounding the execution and initialing of the accident report. The validity or correctness of the report would then become an issue for the jury to determine.

The sole fact stipulated was that either party, if he desired, could introduce plaintiff's accident report in evidence without objection. There was no provision that the accident report, if introduced in evidence, was a true, correct and voluntary admission of all the facts set forth therein. There was no language that the accident report could be introduced in evidence with such limitations and restrictions that plaintiff could not correct or explain its contents. We find nothing to indicate that plaintiff intended to waive his rights or that he was guilty of conduct, oral or written, which would give rise to estoppel. Certainly, plaintiff did not so stipulate.

The trial court erred in its order in which it estopped plaintiff from the right of explanation of the accident report or its correctness.

(2) *Defendant Cannot Introduce in Evidence her Answers to Interrogatories Propounded by Plaintiff if Defendant was Unable to Attend and Testify Because of Illness Under the Circumstances of this case.*

On August 16, 1971, defendant filed her answers to interrogatories propounded by plaintiff.

On January 17, 1972, the day before trial, the pre-trial order was executed by court and counsel. Under the subject of "IDENTIFICATION OF WITNESSES," plaintiff stated:

Mrs. Lavon Mary Measday, Deming, New Mexico, (Adverse witness, under rule 43(b), in person and/or by interrogatories).

Defendant stated:

Mrs. Lavon Measday, Deming, New Mexico.

No statement was made under "IDENTIFICATION OF WITNESSES" or "UNUSUAL QUESTIONS OF EVIDENCE," that defendant was ill and would seek to use her answers to interrogatories as her only evidence to establish her defense.

On the morning of trial, plaintiff was advised that defendant was ill and would not appear to testify, but defendant did not request a continuance. Defendant's physician submitted a letter to the trial court that defendant was under his "care for treatment *of a long-standing disease condition* which has some psychological and emotional aspects," [Emphasis added] and that she should not appear in court, but if she does, she should not be expected to testify.

Defendant's attorney offered in evidence defendant's answers to interrogatories propounded by plaintiff. Plaintiff objected because it was not mentioned, presumably in the pre-trial order, and interrogatories cannot be self-serving declarations. The objection was overruled.

Rule 33 of the Rules of Civil Procedure [§ 21–1–1(33), N.M.S.A.1953 (Repl. Vol. 4)] provides in part that "the answers may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party."

Rule 26(d) [§ 21–1–1(26)(d), N.M.S.A. 1953 (Repl. Vol. 4)] provides in part:

At the trial . . ., any part or all of a deposition, *so far as admissible under the rules of evidence, may be used against any party* who was present or represented at the taking of the deposition . . ., in accordance with any one of the following provisions:

\* \* \* \* \* \*

(3) The deposition of a witness, whether or not a party, may be used by any party *for any purpose* if the court finds: . . . 3, that the witness is unable to attend or testify because of . . . sickness, infirmity, . . .; 5, *upon application and notice,* that such *exceptional circumstances exist* as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used. [Emphasis added]

The trial court heard no testimony and made no findings.

This is a matter of first impression in New Mexico. Effective July 1, 1970, Rules 26 and 33 of the Federal Rules of Civil Procedure were amended, but no substantive change occurred in the rules applicable to the question under consideration. The New Mexico Rules have not been amended. The issue yet remains whether under "rules of evidence," the person interrogated may use his answers to interrogatories to establish his defense —to have his day in court.

It is generally held in federal and state courts that answers to interrogatories are inadmissible if offered on behalf of the party making answers, who does not attend or testify, because answers are self-serving declarations not subject to cross-examination. Callaway v. Perdue, 238 Ark. 652, 385 S.W.2d 4 (1965), 13 A.L.R.3d 1300;

Great Plains Supply Co. v. Mobil Oil Company, 172 N.W.2d 241 (N.D.1969); Rosenthal v. Poland, 337 F.Supp. 1161 (U.S.D. C.N.Y.1972); American Colonial Insurance Company v. Mabry, 245 Ark. 288, 432 S.W.2d 15 (1968); In re Estate of Horman, 265 Cal.App.2d 796, 71 Cal.Rptr. 780 (1968); Giesler v. Berman, 6 Cal.App.3d 919, 86 Cal.Rptr. 205 (1970); Haskell Plumbing & Heating Co. v. Weeks, 237 F. 2d 263, 16 Alaska 436 (9th Cir. 1956). Annot. 13 A.L.R.3d 1312; 23 Am.Jur.2d Depositions and Discovery, § 292; 4A Moore's Federal Practice, § 33.29.

■ The basic reason for the rule is that answers to interrogatories are no more than affidavits of interested persons containing self-serving facts. In the absence of statutory permission, an affidavit is not competent evidence. In re Estate of Horman, supra. See McKnight v. El Paso Brick Co., 16 N.M. 721, 120 P. 694 (1911), Ann.Cas.1912D, 1309, rev. on other grounds, 233 U.S. 250, 34 S.Ct. 498, 58 L.Ed. 943, L.R.A.1915A 113; if this practice were approved, it would discourage the use of discovery procedures and thwart the purpose of the rules. In re Estate of Horman, supra.

On the other side of the fence, Treharne v. Callahan, 426 F.2d 58 (3rd Cir. 1970), relied on by the defendant, puts admissibility of answers to written interrogatories within the discretion of the trial court; that the loss of plaintiff's cross-examination must be weighed against the loss of defendant's day in court. However, the court said:

We emphasize that all we decide is that Rule 43 [see, § 21–1–1(43), N.M.S. A.1953 (Repl. Vol. 4)] permits the use here of the established equity rule that *in case of death of a witness prior to cross-examination* the district judge is permitted to exercise discretion as to whether to admit the testimony given. [Emphasis added]

It is interesting to note that the Court of Appeals, nevertheless, granted plaintiff a new trial because it was fundamental error not to charge the jury with a cautionary

instruction concerning lack of cross-examination. If this rule were followed, plaintiff, in the instant case, would be entitled to a new trial.

The view of Rule 43, supra, applicable to this case, is stated in Ennen v. Southwest Potash Company, 65 N.M. 307, 336 P.2d 1062 (1959). The court said:

> It would not require the citation of authority to support the proposition that a witness may not give testimony in a cause unless he is placed under oath and the other party is given an opportunity to cross-examine him. Counsel cite 1953 Comp., § 21–1–1(43), reading:
>
> > "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules * * *."

See, International M. & C. Corp. v. Employment Sec. Com'n, 78 N.M. 272, 430 P.2d 769 (1967).

A party who uses Rule 33, supra, is not bound the day of trial by the opposite party's answers to written interrogatories.

Rule 26(d), supra, contemplates· examination and cross-examination of the witness. It was never intended to apply to discovery procedures used by a party to search for information.

 When Rules 26(d), 33 and 43, supra, are analyzed, logic and justice dictate that answers to written interrogatories may be used by a party against the party who made the answers, or admissions in those answers·may be used against the party answering. The answers cannot be used by the party making them to establish an affirmative claim or defense because they are not subject to cross-examination. Confrontation and cross-examination are basic ingredients of a fair trial. Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L. Ed.2d 1377 (1959). It is a valuable right and cannot be so restricted as to wholly deprive a party of the opportunity to test the credibility of a witness. State v. Talamante, 50 N.M. 6, 165 P.2d 812 (1946).

The trial court erred in admitting in evidence defendant's answers to interrogatories.

 (3) *A Deposition, not Signed by the Witness Deposed, is not Admissible in Evidence Unless Signature is Waived.*

Defendant served plaintiff with notice of the taking of Dr. Louis Breck's deposition in El Paso, Texas, on September 30, 1971. In lieu of appearance at the deposition, plaintiff submitted 40 written interrogatories to be answered by Dr. Breck under Rule 30(c) [§ 21–1–1(30)(c), N.M.S.A. 1953 (Repl. Vol. 4)].

In the absence of plaintiff and his attorney, Dr. Breck waived his signature to the transcribed deposition before defendant's oral examination began. At the conclusion of the answers to written interrogatories, Dr. Breck waived presentation of the transcript for reading and signature.

At the time of taking the deposition of Dr. Baxter, attorneys for the parties stipulated that reading and signature were waived. Plaintiff's attorney refused such stipulation for the deposition of Dr. Feil. Attorneys for both parties were familiar with the rules requiring signature and waiver thereof by stipulation.

In the pre-trial order executed the day before trial, defendant identified Dr. Breck as a witness, but no mention was made of use of the deposition. Plaintiff's attorney stated that during the pre-trial conference, held on the day before trial, the envelope which contained Breck's deposition was opened, and that night it was learned that the deposition was not signed.

The following appears in the record. It evidently occurred at the commencement of the trial.

COURT: Let's see, is the Defendant going to have all the witnesses listed here testify?

MR. TRIVIZ: We agreed by stipulation to the deposition of Doctor Fiel [sic], . . . .. Doctor Breck's deposition may be read.

MR. MARTIN: Doctor Breck's deposition, when it is offered, Your Honor, *we will object to it being offered now.* We will object because there is a failure to comply with the rules of procedure in that the deposition is not signed by the witness and there is no waiver or stipulation waiving the witness' signature on file in this cause. The rules of civil procedure require this before it's admissible. [Emphasis added]

The trial court overruled the objection. It agreed that the rule requires the signature but because plaintiff did not buy a copy of the deposition and ask to open it up and look at it within the last six months, the objections were overruled. The deposition of Dr. Breck was read in its entirety over the objection of plaintiff's attorney.

This is a matter of first impression in New Mexico.

Rule 30(e) [§ 21–1–1(30) (e), N.M.S.A. 1953 (Repl. Vol. 4)] reads in part as follows:

When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. . . . *The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor;* and the deposition may then be used as fully as though signed, unless on motion to suppress under Rule 32(d) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part. [Emphasis added]

Rule 32(d) [§ 21–1–1(32) (d), N.M.S.A. 1953 (Repl. Vol. 4)] reads as follows:

*Errors and irregularities in the manner in which* the testimony is transcribed or *the deposition is* prepared, *signed,* certified, sealed, endorsed, transmitted, filed, *or otherwise dealt with by the officer under Rules 30* and 31, are waived unless a motion to suppress the deposition or some part thereof is made *with reasonable promptness after such defect is, or with due diligence might have been, ascertained.* [Emphasis added]

Rule 26(g) [§ 21–1–1(26) (g), N.M.S.A. 1953 (Repl. Vol. 4)] provides in part:

The officer taking such testimony shall administer the proper oath to each witness, *shall* cause the testimony to be reduced to writing and *signed by the witness, unless such signature is expressly waived by stipulation in writing filed in the case,* . . . [Emphasis added]

Where the word "shall" is used in Rules 30(e) and 26(g), supra, it is mandatory. Section 1–2–2(I), N.M.S.A.1953 (Repl. Vol. 1); Voorheis v. Hawthorne-Michaels Co., 151 Cal.App.2d 688, 312 P.2d 51 (1957). The rule requires signing unless signature is waived or the reasons for no signature are stated as provided in the rule.

The objections made to the use of Dr. Breck's deposition were made with reasonable promptness and due diligence within the meaning of Rule 32(d), supra. Plaintiff had no duty before trial to take steps to open the deposition and inspect it. Tuttle v. Tomasino, 336 S.W.2d 683 (Mo. 1960); In re Fite, 285 Ala. 666, 235 So.2d 809 (1970); Bernstein v. Brenner, 51 F.R. D. 9 (D.C.1970). See, Valdez v. United States, 326 F.2d 598 (9th Cir. 1963).

Depositions are not admissible in evidence where the witness has not signed the deposition and the signature of the witness has not been waived by the party objecting to the deposition, or the provisions for use of the deposition where it is not signed have been met. Tuttle v. Tomasino, supra; In re Fite, supra; Smith v. Insurance Company of North America, 30 F.R.D. 534 (M.D.Tenn.1962); Mortensen v. Honduras Shipping Company, 18 F.R.D. 510 (S.D.N.

Y.1955); Porter v. Seas Shipping Company, 20 F.R.D. 108 (S.D.N.Y.1956). See, Moore v. Phillips Petroleum Co., 36 N.M. 153, 9 P.2d 692 (1932). Compare, Bernstein v. Brenner, supra, and Bankers Multiple Line Insurance Co. v. Gordon, 422 S. W.2d 244 (Tex.Civ.App.1967), where a motion to suppress was filed before trial. Nor does mere physical presence alone of opposing counsel constitute a waiver of signature. Bernstein v. Brenner, supra. Here, the attorney for plaintiff was not present at the taking of the deposition.

We find nothing of record that indicates that the parties by stipulation waived the signature of Dr. Breck.

The trial court erred in admitting the deposition in evidence because signature was not waived and because the provisions of the rule for use of a deposition in the absence of signature have not been shown to exist.

Reversed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.