Charles E. GODING

v.

TRI–COUNTY EMERGENCY MEDICAL SERVICES.

Supreme Judicial Court of Maine.

Argued Jan. 4, 1990.
Decided Jan. 23, 1990.

Grover Alexander (orally), Gray, for plaintiff.

Kristin A. Gustafson (orally), Philip Johnson, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

HORNBY, Justice.

 The Superior Court (Androscoggin County, *Alexander, J.*) correctly determined that there was no genuine issue of material fact on the record before it and granted summary judgment for the defendant. There was direct evidence that the defendant's personnel were not responsible for administration of the epinephrine that the plaintiff's expert claims caused the injury and death. The plaintiff presented no contradictory evidence, relying only on the

ambiguity of a separate report that did not specify who was responsible for administering the epinephrine. In the face of direct evidence that the defendant was not responsible, a report that fails to specify who was responsible does not create a genuine issue of material fact. M.R.Civ.P. 56(c).[1]

 Contrary to the plaintiff's contention, there is no requirement in M.R.Civ.P. 56 that a motion for summary judgment be based upon affidavits. The defendant was perfectly entitled to premise its motion upon admissions and answers to interrogatories, M.R.Civ.P. 56(c).

 Unlike affidavits, moreover, there is no requirement in the rule that answers to interrogatories be based upon personal knowledge in order to support a motion for summary judgment. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 39 (2d ed. 1970).

 Finally, even though a party's own answers to interrogatories generally would not be admissible in its behalf at trial, *see, e.g.*, *Haskell Plumbing and Heating Co. v. Weeks*, 237 F.2d 263, 267 (9th Cir.1956), the rule permits their use on a motion for summary judgment where the issue is simply whether there are any genuine issues of material fact. The clear language of the rule requires that conclusion and any attempt to distinguish among interrogatory answers on the basis of who would be permitted to introduce them at trial would make their use far too cumbersome.[2]

The entry is:

Judgment affirmed.

All concurring.

---

1. Two other documents the plaintiff relies upon were not presented to the Superior Court on the motion, and a letter signed by opposing counsel was not evidence that could be admitted on a motion for summary judgment. *See* M.R.Civ.P. 56(c).

2. As examples of cases where a party's own answers to interrogatories have been used in its own behalf see *Dale v. Bartels*, 732 F.2d 278, 284 (2d Cir.1984); *Rea v. Wichita Mortgage Corp.*, 747 F.2d 567, 574 & n. 6 (10th Cir.1984); *Talbert v. Choplin*, 40 N.C.App. 360, 253 S.E.2d 37 (1979). *But see Bel–Go Associates–Mula Road v. Vitale*, 723 S.W.2d 182 (Tex.Ct.App.1986).