This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DUSTY STONE,**

Plaintiff-Appellant,

v.                                                          **NO. 30,711**

**COUNTY OF QUAY, QUAY COUNTY, COMMISSIONERS FRANKLIN MCCAUSLAND, BILL CURRY, ROBERT LOPEZ, QUAY COUNTY ROAD DEPARTMENT, QUAY COUNTY MANAGER RICHARD PRIMROSE, and LARRY MOORE, QUAY COUNTY ROAD SUPERINTENDENT,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Abigail P. Aragon, District Judge**

Dusty Stone
San Jon, NM

Pro Se Appellant

Slease & Martinez, P.A.
William D. Slease
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Plaintiff appeals pro se from an order granting Defendants' motion for summary judgment and an "order denying Plaintiff's motion for reconsideration, denying Plaintiff's other motions and pleadings, granting Defendants' motion for attorneys' fees and awarding Defendants' costs" ("reconsideration and cost order"). We proposed to affirm in a notice of proposed summary disposition, and Plaintiff has filed a timely memorandum in opposition and a motion to amend the docketing statement. After duly considering the arguments made by Plaintiff in his memorandum in opposition and the motion to amend the docketing statement, we remain unpersuaded that affirmance is not the correct disposition in this case. Therefore, we affirm the district court's orders and deny the motion to amend the docketing statement.

In his docketing statement, Plaintiff challenged the district court's order granting summary judgment to Defendants claiming the district court erred in failing to: (1) comply with the Rules of Civil Procedure; (2) require all parties to sign the order of summary judgment; (3) conduct a presentment hearing; (4) consider all the pleadings filed in this matter; and (5) find that there were material issues of fact precluding summary judgment. [DS 3] We proposed to affirm and to hold that despite Plaintiff's numerous filings, he failed to make the requisite showing of a

genuine issue of fact precluding summary judgment in favor of Defendants. [RP 284-286, 305-309] *See Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 55, 728 P.2d 462, 465 (1986) (stating that a party opposing may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint."); *Schwartzman v. Schwartzman Packing Co.*, 99 N.M. 436, 441, 659 P.2d 888, 893 (1983) (stating that the "party opposing a motion for summary judgment [must] make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact" precluding summary judgment).

In his memorandum in opposition, Plaintiff contends that we failed to address his contention that the district court refused to comply with Rule 1-056 NMRA by failing to conduct a presentment hearing or to require all the parties to sign the summary judgment order. [MIO 1] We disagree because, as we observed in our earlier notice, Plaintiff was given an opportunity but refused to sign the order granting summary judgment to Defendants. [RP 346] Instead, he filed numerous objections that appear to be without merit, including his own motion for summary judgment filed months after the district court had already entered summary judgment in Defendants' favor. [RP 319, 361, 412, 426, 449, 463, 476]

Plaintiff also reiterates the arguments he made in his docketing statement challenging the propriety of the district court's decision. [MIO 2-4] However, his

3

reiteration of those arguments fails to convince us that the analysis contained in our proposed disposition is in error. Therefore, for the reasons set forth in our previous notice, we remain of the opinion that the district court did not err in granting summary judgment in favor of Defendants. *Cf. Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

In his memorandum in opposition, Plaintiff also reasserts his contention that the district court erred in allowing Defendants to use a portion of his deposition in support of their motion for summary judgment. [MIO 4-6; RP 261-81] In our previous notice, we proposed to affirm and observed that Plaintiff was given an opportunity to review the transcript of his deposition, yet he failed to do so. [RP 297-300] In his memorandum in opposition, Plaintiff claims he would have had to drive three hundred miles to review his deposition, and that he objected to the deposition as soon as he became aware of its inaccuracies. [MIO 4-5]

We are unpersuaded that these allegations warrant reversal of our proposed disposition in light of the information contained in the record proper. Review of the record indicates these issues were raised by Plaintiff in an objection to the "unethical deposition" filed December 9, 2009 [RP 426] and responded to by Defendants on

4

December 18, 2009. [RP 430]

The record shows that Plaintiff's deposition was taken on August 18, 2009, and at the time, he stated under oath that he believed it was correct, and he stood by the answers given. [RP 297, 437] He stated that there was nothing that he wished to change or correct. [RP 297, 437] He made no objections until Defendants attached a portion of the deposition in support of their motion for summary judgment. [RP 431]

As to the fact that the deposition was unsigned, at the conclusion of the deposition, the court reporter told Plaintiff that he could make arrangements with the court reporter to review his deposition. [RP 297, 299, 437, 439] After Plaintiff indicated that he did not wish to purchase a copy of the deposition, the court reporter informed him that the reporter could email a copy to him for his review, and Plaintiff indicated he would provide an email address to the reporter for this purpose. [RP 299, 439] He failed to do so. [RP 299, 439] On August 28, 2009, the court reporter wrote a certified letter to Plaintiff again requesting an email address in order to forward a copy of the deposition transcript to him, offering him another chance to purchase a copy of the deposition, and instructing him to sign the signature page, yet Plaintiff failed to do so. [RP 299-300, 439-440]

Thirty days later on September 27, 2009, when Plaintiff had made no effort to

contact the court reporter to review his deposition, the court reporter finalized the original transcript. [RP 441-444] We remain of the opinion that Plaintiff's refusal to sign the deposition does not make it inadmissible for purposes of summary judgment. Furthermore, given that Plaintiff had an opportunity to review the deposition yet refused to do so, the district court did not err in granting summary judgment on October 28, 2009, [RP 346] after the transcript of the deposition had been finalized.

Plaintiff cites to *Crabtree v. Measday*, 85 N.M. 20, 508 P.2d 1317 (Ct. App. 1973), in support of his contention that the use of his deposition warrants reversal of the order granting summary judgment. [MIO 5] In *Crabtree*, the plaintiff objected to the defendant's attempt to introduce the written deposition of a physician as evidence during trial because the deponent had never signed the deposition and the plaintiff had never stipulated to waive the signature. *Id.* at 26, 508 P.2d at 1323. This Court held that admission of the unsigned deposition was in error. *Id.*

We disagree that the result in *Crabtree* warrants reversal because in this case summary judgment was only entered after Plaintiff had refused to sign the deposition despite being given an opportunity to review the transcript and sign and despite the court reporter's request that Plaintiff sign the deposition after reviewing it and make corrections. [RP 299-300, 439-440, 442-444] We are unconvinced that a party may

6

avoid responsibility for statements made under oath by merely refusing to acknowledge those statements by refusing to sign his deposition. Thus we are unconvinced that *Crabtree* warrants a different result.

Plaintiff also contends that use of the deposition is contrary to the provisions of Rule 1-032(C) NMRA, because that rule precludes the use of a deposition if the witness is available. [MIO 5] We disagree because Rule 1-032(C) applies to the use of a deposition at trial. *Cf. Dial v. Dial,* 103 N.M. 133, 135-36, 703 P.2d 910, 912-13 (Ct. App. 1985) (recognizing the general rule that use of a witness's deposition at trial requires a finding by the trial court that the witness is located more than 100 miles from the place of the trial or hearing or some other special circumstance). In this case, Plaintiff's deposition was attached to Defendants' motion for summary judgment which is appropriate pursuant to Rule 1-056. *See Seal v. Carlsbad Indep. Sch. Dist.*, 116 N.M. 101, 105, 860 P.2d 743, 747 (1993) (recognizing that "[t]he form of summary judgment evidence itself does not have to meet the requirements of admissibility for trial evidence, but the substance of the evidence must be of a type that can be admitted at trial" and thus holding that, even though a deposition may be inadmissible at trial, it is still a sworn statement admissible in a summary judgment proceeding if based on personal knowledge).

Finally, we disagree with Plaintiff's contention that the deposition was

improper pursuant to Rule 1-028(C) NMRA, which provides in part that "no deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action." The deposition in this case was taken before a certified court reported who was not a party, relative, or attorney of a party and not someone with a financial interest in the action. [RP 298-300, 438-440, 442-444]

**Motion to amend**

Plaintiff seeks to amend his docketing statement. However, in the motion to amend, he raises the same issues he raised in the docketing statement. [Mot. 2-11] He again contends that: the district court violated the rules of civil procedure and judicial conduct; Defendants' counsel violated the New Mexico rules of professional conduct; the court erred in granting summary judgment because it ignored certain issues of material fact and violations of the law by Defendants; and the court wrongfully allowed the use of Plaintiff's deposition. [Mot. 2-11]

Under Rule 12-208(F) NMRA, this Court "may, upon good cause shown, allow the amendment of the docketing statement." In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were

8

properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

In this case, as Plaintiff has failed to raise any new issues, we deny his motion to amend the docketing statement because he raised these issues in his docketing statement and they were already considered and addressed in our notice of proposed summary disposition. *See* Rule 12-208(F). Therefore, we deny the motion to amend because Plaintiff has failed to raise a viable issue. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (recognizing that issues sought to be presented in a motion to amend must be viable).

**CONCLUSION**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we affirm the district court's orders granting summary judgment to Defendants and its reconsideration and cost order, and we deny Plaintiff's motion to amend the docketing statement.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JAMES J. WECHSLER, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

10